1  JENNY L. SHEAFFER (*Pro Hac Vice*)
   ANGELA R. GOTT (*Pro Hac Vice*)
2  BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
   200 Public Square, Suite 2300
3  Cleveland, Ohio  44114-2378
   Tel: (216) 363-4500
4  Fax: (216) 363-4588
5  E-Mail: jsheaffer@beneschlaw.com
           agott@beneschlaw.com
6

7  DAVID M. GIVEN (State Bar No. 142375)
   FEATHER D. BARON (State Bar No. 252489)
8  PHILLIPS, ERLEWINE & GIVEN LLP
   50 California Street, 35th Floor
9  San Francisco, CA 94111
10 Tel: (415) 398-0900
   Fax: (415) 398-0911
11 E-Mail: dmg@phillaw.com
           fdb@phillaw.com
12

13 Attorneys for Defendant
   HOMAX PRODUCTS, INC.
14

15
                    **IN THE UNITED STATES DISTRICT COURT**
16
                    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., | Case No. 10 CV-02994-JF |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HOMAX PRODUCTS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)** |
| AERO PRODUCTS INTERNATIONAL INC., ET AL. | |
| Defendants. | |
| | Judge:     Hon. Judge Jeremy Fogel |
| | Date:      October 1, 2010 |
| | Time:      9:00 a.m. |
| | Courtroom: Courtroom 3, 5th Floor |

Defendant Homax Products, Inc.'s MPA ISO Motion To Dismiss Pursuant To Rule 12(b)(1) –
Case No. 10 CV-02994-JF

## I. INTRODUCTION

SFT alleges that Homax and twenty-four other defendants[1] have violated the false patent marking statute, 35 U.S.C. § 292, which imposes civil penalties for falsely marking unpatented articles where that marking is done with an intent to deceive the public. With regard to Homax, SFT points to certain aerosol spray texture products that were allegedly "sold retail in 2010" bearing the numbers of expired patents. (Dkt. 1, Compl. ¶¶ 106-08.) SFT then alleges "[u]pon information and belief" that Homax "made many decisions to mark its falsely marked products . . . including each time it has printed or otherwise created such packaging." (*Id.* ¶ 108.) SFT concludes by making an allegation that Homax "marks its products with patents to induce the public to believe that each such product is protected by each patent listed," that Homax did so "with knowledge that nothing is protected by an expired patent," and that, "[a]ccordingly," Homax had "intent to deceive the public." (*Id.* ¶ 109.) Noticeably absent from SFT's lengthy Complaint, however, is any allegation that anyone (or anything), anywhere, has suffered any type of cognizable injury in fact that would make SFT's Complaint justiciable under Article III. Indeed, no injury—to anyone or anything—is even alleged. Thus, Homax respectfully requests that the Court dismiss the Complaint because SFT does not—and cannot—allege facts that support Article III standing.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether SFT has alleged a concrete, particularized injury to itself, the public, or the economy of the United States that would support *qui tam* Article III standing under 35 U.S.C. § 292(b).

---

[1] It should be noted that SFT's actions in: (a) filing one complaint against twenty-five defendants who appear to be utterly unrelated to each other and (b) asserting claims against each defendant that do not arise out of the same transaction, occurrence, or series of transactions or occurrences, are improper. In fact, in view of District Court Judge Seeborg's April 13, 2010 decision in *San Francisco Technology, Inc. v. Adobe Systems, Incorporated*, No. C 09-6083 RS, 2010 WL 1463571 (N.D. Cal. Apr. 13, 2010) (a similar case involving claims of false patent marking made against fourteen defendants), that severance of the numerous defendants was appropriate, one struggles to explain how SFT could have thought it was justified in bringing the present action against *an even greater* number of unrelated defendants.

1

### III. STATEMENT OF RELEVANT FACTS

SFT filed the instant Complaint on July 8, 2010. (Dkt. 1, Compl.) Over the course of twenty-nine pages and 187 paragraphs, the Complaint alleges that twenty-five defendants violated 35 U.S.C. § 292 by engaging in false patent marking. (*Id.*)

SFT's allegations against each defendant are virtually identical. Nearly every Count contains allegations that simply because expired patent numbers appear on products that are somewhere in the "retail" world, each of the defendants must have marked the products with the patent numbers at a time when the patents were expired. (*See, e.g.*, *id.* ¶¶ 108-09.) SFT also alleges "[u]pon information and belief" (without any supporting facts) that each defendant "mark[ed] its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent." (*See, e.g.*, *id.* ¶ 109.) Finally, SFT concludes that each of the defendants "falsely marked its products with intent to deceive the public." (*See id.*)

Conspicuously absent from the lengthy Complaint is any mention of an injury in fact. SFT does not allege that it has suffered any personal injury. Nor does SFT allege that the public has suffered an injury in fact. SFT does not even allege that the United States economy has suffered an injury in fact. Further, it follows that SFT has failed to allege that any of these types of injuries in fact are imminent, likely, or probable.

### IV. LAW AND ARGUMENT

It is SFT's burden "clearly to allege facts demonstrating that [it] is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). All plaintiffs—*qui tam* relators included—must have Article III standing. *Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000). If a plaintiff lacks standing, the court lacks subject matter jurisdiction and must dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See, e.g.*, *Thomas v. Mundell*, 572 F.3d 756, 764 (9th Cir. 2009); *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 974 (9th Cir. 2009).

Article III standing is referred to as "the most basic doctrinal principle[]" because the

2

1  Constitution limits the federal judiciary's power in that it can hear only real cases and
2  controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 128 S. Ct. 2531, 2535 (2008).
3  Article III standing ensures that this "case-or-controversy" requirement is met. *Id.* To satisfy
4  Article III standing, SFT must establish that three requirements are met: (1) injury in fact, (2)
5  causation, and (3) redressability. *Vt. Agency*, 529 U.S. at 771. Together, these requirements
6  "constitute the 'irreducible constitutional minimum' of standing, which is an 'essential and
7  unchanging part' of Article III's case-or-controversy requirement, and a key factor in dividing
8  the power of government between the courts and the two political branches." *Id.* (internal
9  citations omitted).

10  The required "injury in fact" must be "concrete" and "actual or imminent," and cannot be
11  "conjectural or hypothetical." *Id.*; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560
12  (1992); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Rivas v. Rail Delivery Serv., Inc.*, 423
13  F.3d 1079, 1082 n.1 (9th Cir. 2005). Injury in fact has been described as the "hard floor of
14  Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 129 S.
15  Ct. 1142, 1151 (2009).

16  If SFT fails to present sufficient facts in its Complaint to establish an "injury in fact," the
17  Complaint must be dismissed. *See Warth*, 422 U.S. at 518; *Lujan*, 504 U.S. at 561; *Rivas*, 423
18  F.3d at 1082-83. That 35 U.S.C. § 292(b) is a *qui tam* statute does not relieve SFT of its
19  obligation to satisfy the constitutional minimum of Article III standing. *See Vt. Agency*, 529 U.S.
20  at 771. *Qui tam* relators, who by definition suffer no "injury in fact" themselves, must
21  nonetheless allege an assignable "injury in fact" in order to support *qui tam* Article III standing.
22  *Id.* at 773-74. In other words, without an assignable "injury in fact" to the public or the United
23  States, there can be no *qui tam* Article III standing.

24         **1.**    **SFT Does Not Plead An Injury In Fact In Its Complaint**

25  Under 35 U.S.C. § 292, SFT must plead an assignable injury in fact that has been
26  suffered by the public or the United States. *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248,
27  254 (S.D.N.Y. 2009). In *Stauffer*, the court dismissed a false patent marking case for lack of
28

3

standing because the complaint contained only vague and generalized allegations of harm. *Stauffer*, 615 F. Supp. 2d at 255. Specifically, the plaintiff alleged in the complaint that the defendants' conduct "ha[d] 'wrongfully quelled competition with respect to [the marked products] thereby causing harm to the economy of the United States." *Id.* at 254. The plaintiff further alleged that "by 'wrongfully and illegally advertis[ing] patent monopolies that they do not possess' defendants have 'benefitted [sic] in at least maintaining their considerable market share . . . ." *Id.* The court held that these "conclusory statements" were "insufficient to establish anything more than the sort of 'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." *Id.* at 255 (*citing Summers*, 129 S. Ct. at 1151-52; *Lujan*, 504 U.S. at 566). As the court concluded, and the Supreme Court has recognized, the mere possibility "[t]hat some competitor might somehow be injured at some point, or that some component of the United States economy might suffer some harm through defendants' conduct, is purely speculative and plainly insufficient to support standing." *Id.*[2]

The deficiencies in SFT's Complaint are much greater than those in the dismissed complaint in *Stauffer*. Here, SFT has failed to even remotely allege any injury in fact—to anyone—that would support the requirement for Article III standing under 35 U.S.C. § 292(b). This absolute failure to even attempt to allege that anyone, anywhere has suffered any injury in fact is fatal to SFT's requirement to show standing under Article III. *See Stauffer*, 615 F. Supp. 2d at 253-55.

### 2. The Court Should Dismiss SFT's Complaint Without Leave To Amend Because SFT Cannot Plead An Injury In Fact

When it is clear that a party cannot file an amended complaint to cure deficiencies in subject matter jurisdiction, a court may dismiss the complaint without allowing the party leave to amend. *See Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1136 (9th Cir. 2002) (affirming

---

[2] The decision in *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714 (E.D. Va. 2009), is not to the contrary. In *Solo Cup*, the defendant alleged that 35 U.S.C. § 292(b) lacks sufficient procedural safeguards, and on that ground, violated *Article II*. *See id*. at 720-28. Homax is not seeking dismissal under *Article II*, but rather is seeking dismissal under *Article III*.

4

dismissal of action for lack of subject matter jurisdiction without leave to amend); *see also* Fed. R. Civ. P. 15(a)(2); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal where plaintiffs' allegations "failed to satisfy the scienter requirements" of the asserted claim and "it was clear that the plaintiffs had made their best case and had been found wanting").  Here, there are at least two reasons for dismissal without leave to amend.

First, SFT has not and cannot identify any concrete and particularized harm to itself, to the public, or even to the United States economy that would support Article III standing.  SFT cannot plead a personal injury in fact.  SFT's Complaint does not even allude that there has ever been (or ever will be) any quantifiable injury to the public or the United States economy caused by Homax's alleged conduct.  Nor did SFT allege that any actual competitor of Homax (or any other entity or person) has suffered or will suffer any harm as a result of Homax's alleged conduct.

Indeed, SFT cannot allege any such harm because to do so would defy the reality of the marketplace in which Homax's accused products are sold.  SFT has accused Homax of falsely marking expired patents on two aerosol spray texture consumer products.  Homax's primary competitor in the marketplace has been a company called Spraytex, who had a large portfolio of its own patents.[3]  Such a competitor company, experienced in amassing its own patent portfolio could hardly be deceived or harmed by any patent numbers marked on Homax's product packaging.  Moreover, SFT alleges no such deception or harm.

Further, there is no chance that any member of the general public could be deceived and, as a result, harmed by an expired patent number marked on packages because copies of patents and information about their expiration dates is generally available, including from publicly accessible sources such as the internet.[4]

---

[3] Declaration of Ross Clawson in Support of Homax Products, Inc.'s Motions to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) ¶ 5.

[4] Obviously, the ready availability of copies of U.S. patents and information about their expiration dates *via* the internet stands in sharp contrast to the days when hard copies of patents had to be obtained from specialty services, certain libraries with patent depositories, or the U.S.

5

Second, SFT cannot avoid Article III's basic injury in fact requirement by claiming it has standing to sue for alleged violations of law wholly apart from a concrete and particularized injury in fact. A multitude of cases hold that to confer Article III standing, a private party cannot rely on an abstract interest in seeing that the laws are not violated. *See, e.g.*, *Lance v. Coffman*, 549 U.S. 437, 442 (2007) ("The only injury plaintiffs allege is that the law . . . has not been followed. This injury is precisely the kind of undifferentiated, generalized grievance . . . that we have refused to countenance in the past."); *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 24 (1998) (An "abstract" harm such as "injury to the interest in seeing that the law is obeyed . . . deprives the case of the concrete specificity" necessary for standing.); *Lujan*, 504 U.S. at 573-74 ("[H]arm to . . . every citizen's interest in proper application of the Constitution and laws . . . does not state an Article III case or controversy.").

Similarly, SFT cannot itself exercise the government's duty to ensure the laws are obeyed. *See Stauffer*, 615 F. Supp. 2d at 254 n.5 ("[T]he Court doubts that the Government's interest in seeing its laws enforced could alone be an assignable, concrete injury in fact sufficient to establish a *qui tam* plaintiff's standing."); *see also* Myriam E. Gilles, *Representational Standing: U.S. ex rel. Stevens and the Future of Public Law Litigation*, 89 Cal. L. Rev. 315, 344 (2001) ("[C]laims seeking to vindicate the government's non-proprietary, sovereign interests are not assignable.")[5].

This principle was explained by the Supreme Court when it addressed a "citizen-suit" provision of the Endangered Species Act, 16 U.S.C. § 1540(g) ("ESA"). The ESA provided that "any person may commence a civil suit on his own behalf . . . to enjoin any person . . . who is alleged to be in violation of any provision of this chapter." *Lujan*, 504 U.S. at 571-72. In holding that the *Lujan* plaintiff lacked Article III standing, the Court reasoned that Article III does not permit conversion of

---

Patent and Trademark Office itself.

[5] Index of Secondary Sources in Support of Defendant Homax Products, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(1) App. 1 (hereinafter, "Index").

6

> the public interest in proper administration of the laws . . . into an individual right by a statute that denominates it as such, and that permits all citizens . . . to sue. If the concrete injury requirement has the separation-of-powers significance we have always said, the answer must be obvious: To permit Congress to convert the undifferentiated public interest in executive officers' compliance with the law into an "individual right" vindicable in the courts is to permit Congress to transfer from the President to the courts the Chief Executive's most important constitutional duty, to "take Care that the Laws be faithfully executed," Art. II, § 3.

*Id.* at 576-77.[6] Thus, should Congress pass a statute that in effect allows a plaintiff to evade the requirement for Article III standing, the statute cannot stand.

Notwithstanding *Stauffer*, the Supreme Court authority, and the commentary discussed above, there is a footnote in the *Solo Cup* district court decision that seems to assume, without deciding, that a false marking claimant might have Article III standing based solely on an alleged violation of the law. *See* 640 F. Supp. 2d at 724 n.15. However, the *Solo Cup* footnote does not save SFT from its lack of Article III standing for at least four reasons. First, the *Solo Cup* footnote was dicta. The main thrusts of the *Solo Cup* decision were (1) whether 35 U.S.C. § 292(b) was a *qui tam* statute and (2) the constitutionality of 35 U.S.C. § 292(b) under Article II, not the plaintiff's lack of Article III standing. *See id.* at 720-28. Second, neither the *Solo Cup* footnote nor the *Solo Cup* district court decision is binding on this Court. Third, the *Solo Cup* footnote conflicts with the weight of applicable authority, as discussed above. Fourth, the *Solo*

---

[6] *See also Allen v. Wright*, 468 U.S. 737, 761 (1984) ("The Constitution . . . assigns to the Executive Branch, and not to the Judicial Branch, the duty to 'take Care that the Laws be faithfully executed.' U.S. Const., Art. II, § 3. We could not recognize respondents' standing in this case without running afoul of that structural principle."); *Valley Forge Christian College v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471-76 (1982) (explaining that Article III's "case or controversy" requirement circumscribes Judicial Branch powers under separation of powers doctrine); *see generally* Tara Leigh Grove, *Standing as an Article II Nondelegation Doctrine*, 11 U. Pa. J. Const. L. 781 (2009) (explaining that Article III reinforces Article II nondelegation doctrine by prohibiting private prosecutorial discretion for violations of law, except for those private parties who can show a cognizable injury in fact) (Index App. 2.).

7

*Cup* footnote's reasoning was flawed because it erroneously said that *Vermont Agency* did not distinguish sovereign injury from proprietary injury. *Id.* at 724 n.15.[7]

In sum, SFT does not, and cannot, allege that anyone has been injured by Homax's patent marking. Moreover, even if SFT were to allege in response to this motion that it has Article III standing because laws have been violated or because it can privately exercise the government's duty to see that the laws are faithfully obeyed—which it did not allege in the Complaint—such allegations fail as a matter of law in view of the Supreme Court jurisprudence identified above. Therefore, any attempt by SFT to amend its Complaint would be futile and the Court is well within its discretion to dismiss SFT's Complaint with prejudice.

---

[7] In fact, *Vermont Agency* did distinguish between the two by separately defining "the injury to [the United States'] sovereignty arising from violation of its laws (which suffices to support a criminal lawsuit by the Government) and the proprietary injury resulting from the alleged fraud." 529 U.S. at 771. The Court held only that the proprietary injury could be assigned to a private party for Article III standing purposes. *See id.* at 773 (holding that the False Claims Act "effect[ed] a partial assignment of the Government's *damages claim*") (emphasis added). The Court did not hold that a sovereign injury, i.e., the source of the government's ability to enforce its criminal laws, could be assigned to a private party for Article III standing purposes.

Defendant Homax Products, Inc.'s MPA ISO Motion To Dismiss Pursuant To Rule 12(b)(1) –
Case No. 10 CV-02994-JF

## V. CONCLUSION

For the reasons stated above, Homax respectfully requests that this Court dismiss SFT's Complaint against Homax under Rule 12(b)(1) and do so without allowing SFT leave to amend (i.e., with prejudice) because SFT cannot allege a cognizable injury in fact to support Article III standing.

Dated: August 25, 2010                     Respectfully submitted,


By: _____/s/_____
    Jenny L. Sheaffer (*Pro Hac Vice*)
    BENESCH, FRIEDLANDER, COPLAN
    & ARONOFF LLP

    David M. Given
    PHILLIPS, ERLEWINE & GIVEN LLP

    Attorneys for Defendant
    HOMAX PRODUCTS, INC.

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Homax Products, Inc.'s MPA ISO Motion To Dismiss Pursuant To Rule 12(b)(1) –
Case No. 10 CV-02994-JF

3677457.1