| | |
|---|---|
| 1 | JENNY L. SHEAFFER (*Pro Hac Vice*) |
| 2 | ANGELA R. GOTT (*Pro Hac Vice*)<br>BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP |
| 3 | 200 Public Square, Suite 2300<br>Cleveland, Ohio  44114-2378 |
| 4 | Tel: (216) 363-4500<br>Fax: (216) 363-4588 |
| 5 | E-Mail: jsheaffer@beneschlaw.com<br>            agott@beneschlaw.com |
| 6 | |
| 7 | DAVID M. GIVEN (State Bar No. 142375) |
| 8 | FEATHER D. BARON (State Bar No. 252489)<br>PHILLIPS, ERLEWINE & GIVEN LLP |
| 9 | 50 California Street, 35th Floor<br>San Francisco, CA 94111 |
| 10 | Tel: (415) 398-0900<br>Fax: (415) 398-0911 |
| 11 | E-Mail: dmg@phillaw.com<br>            fdb@phillaw.com |
| 12 | |
| 13 | Attorneys for Defendant |
| 14 | HOMAX PRODUCTS, INC. |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC.,<br><br>Plaintiff,<br><br>v.<br><br>AERO PRODUCTS INTERNATIONAL INC., ET AL.<br><br>Defendants. | Case No. 10 CV-02994-JF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HOMAX PRODUCTS, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) UNDER RULES 8(A) AND/OR 9(B)**<br><br>Judge:       Hon. Judge Jeremy Fogel<br>Date:         October 1, 2010<br>Time:        9:00 a.m.<br>Courtroom: Courtroom 3, 5th Floor |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

SFT alleges that Homax and twenty-four other defendants[1] have violated the false patent marking statute, 35 U.S.C. § 292, which imposes civil penalties for falsely marking unpatented articles where that marking is done with an intent to deceive the public.  With regard to Homax, SFT points to certain aerosol spray texture products that were allegedly "sold retail in 2010" bearing the numbers of expired patents.  (Dkt. 1, Compl. ¶¶ 106-08.)  SFT then alleges "[u]pon information and belief" that Homax "made many decisions to mark its falsely marked products . . . including each time it has printed or otherwise created such packaging."  (*Id.* ¶ 108.)  SFT concludes by making an allegation that Homax "marks its products with patents to induce the public to believe that each such product is protected by each patent listed," that Homax did so "with knowledge that nothing is protected by an expired patent," and that, "[a]ccordingly," Homax had "intent to deceive the public."  (*Id.* ¶ 109.)  At best, SFT struggles to turn its unsupported allegations that Homax products bearing the numbers of two recently expired patents, which were allegedly "sold retail in 2010," into an impermissible inference that (1) the products were marked post-expiration of the 2 patents (which does not follow), and (2) Homax had improper intent or intent to deceive the public (an allegation SFT has no facts whatsoever to support, and, hence, must plead merely "upon information and belief").

Simply stated, SFT's false patent marking allegations fail to sufficiently state a claim for relief as required by Fed. R. Civ. P. 8(a).  Further, these allegations sound in fraud, and are subject to the pleading requirements of Fed. R. Civ. P. 9(b), yet collapse under Rule 9(b)

---

[1] It should be noted that SFT's actions in: (a) filing one complaint against twenty-five defendants who appear to be utterly unrelated to each other and (b) asserting claims against each defendant that do not arise out of the same transaction, occurrence, or series of transactions or occurrences, are improper.  In fact, in view of District Court Judge Seeborg's April 13, 2010 decision in *San Francisco Technology, Inc. v. Adobe Systems, Incorporated*, No. C 09-6083 RS, 2010 WL 1463571 (N.D. Cal. Apr. 13, 2010) (a similar case involving claims of false patent marking made against fourteen defendants), that severance of the numerous defendants was appropriate, one struggles to explain how SFT could have thought it was justified in bringing the present action against *an even greater* number of unrelated defendants.

1

scrutiny. Rule 9(b), as it has been applied within the Ninth Circuit and by the Federal Circuit, is intended to prevent precisely the type of pleading filed by SFT. To analogize to the Federal Circuit's recent words in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1331 (Fed. Cir. 2009) concerning inequitable conduct, this Court should not allow false patent marking to be "a magic incantation to be asserted against every patentee" by way of allegations based upon a mere assertion that a product bearing an expired number was found somewhere on a store shelf.

## II.   STATEMENT OF ISSUES TO BE DECIDED

A.   Whether SFT has sufficiently stated a claim for relief as required under Fed. R. Civ. P. 8(a) where SFT has failed to set forth allegations that would meet the elements of a claim under 35 U.S.C. § 292.

B.   Whether SFT alleged violations of 35 U.S.C. § 292(a) with sufficient particularity under Fed. R. Civ. P. 9(b) where SFT alleges only that products bearing expired patent numbers are "sold retail" and seeks to impermissibly infer fraudulent intent through allegations based solely on "information and belief."

## III.   STATEMENT OF RELEVANT FACTS

SFT filed the instant Complaint on July 8, 2010. (Dkt. 1, Compl.) Over the course of twenty-nine pages and 187 paragraphs, the Complaint alleges that twenty-five unrelated defendants violated 35 U.S.C. § 292 by engaging in false patent marking. (*Id.*)

SFT's allegations against each defendant are virtually identical. Nearly every Count contains allegations that simply because expired patent numbers appear on products that are somewhere in the "retail" world, each of the defendants must have marked the products with the patent numbers at a time when the patents were expired. (*See, e.g.*, *id.* ¶¶ 108-09.) SFT also alleges "[u]pon information and belief" (without any supporting facts) that each defendant "mark[ed] its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent." (*See, e.g.*, *id.* ¶ 109.) Finally, SFT concludes that each of the defendants "falsely marked its products with intent to deceive the public." (*See id.*)

2

All of the allegations concerning Homax's purported fraudulent intent are qualified by the disclaimer that they are based "upon information and belief." (*See id.*) More specifically, SFT states that "[u]pon information and belief" Homax:

- "has made many decisions to mark its falsely marked products . . . each time it has printed or otherwise created such packaging" (*Id.* ¶ 108); and

- "marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent" (*Id.* ¶ 109).

## IV. LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) can be based on "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). If a complaint is to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). In general, the court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). However, when considering a motion to dismiss, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.* "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

### A. Dismissal Pursuant To Rule 8(a) Is Proper

Pursuant to Rule 12(b)(6), a defendant may move for dismissal based upon a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Assuming the factual allegations are true,

3

even if doubtful in fact, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In particular, although a complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than [mere] labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* Thus, to state a claim upon which relief can be granted, "requires a complaint with enough factual matter (taken as true) to suggest" the required elements of a cause of action. *Id.* at 556. In other words, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S. Ct. at 1949, in order to be "plausible on its face" and survive a motion to dismiss, *Twombly*, 550 U.S. at 570.

The sole cause of action alleged against Homax in the Complaint, false patent marking, requires two elements: "(1) marking an unpatented article and (2) intent to deceive the public." *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009). Here, the Complaint alleges that "Homax's falsely marked products are being sold retail in 2010 with such false patent markings, after the expiration of U.S. Patent No. 4,802,057." (Compl. ¶ 108.) Yet, U.S. Patent No. 4,802,057 is neither a Homax patent nor is it a patent number marked upon either of Homax's identified products.[2] Moreover, Plaintiff does not allege what products are the "falsely marked products" because, while Plaintiff identifies two products in paragraph 107 of the Complaint, it never alleges that these two products were "falsely marked." Thus, the Complaint fails to plead enough factual matter—even when taken as true—to even "suggest" the required elements of false patent marking. *See Twombly*, 550 U.S. at 556.

Furthermore, Plaintiff alleges that "Homax has made many decisions to mark its falsely marked products after the expiration of U.S. Patent No. 4,802,057, including each time it has printed or otherwise created such packaging." (Compl. ¶ 108.) However, the allegation identifies no particular time period during which the alleged false marking took place, which is a

---

[2] Declaration of Ross Clawson in Support of Homax Products, Inc.'s Motions to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) ¶ 6 (hereinafter, "Clawson Decl.").

4

critical flaw because Plaintiff's only basis for alleging false patent marking appears to be the presence of an expired patent number. The two Homax patents identified in paragraph 107 did not expire until May 1, 2010 and August 7, 2008.[3] Plaintiff has failed to allege that Homax marked with either of these patent numbers in the time period *after* either of the patents expired. In other words, there is no allegation that when the products were "marked" that the marking was false because the "marking" was done after the patents had expired. Again, Plaintiff has failed to plead enough factual matter to even "suggest" a cause of action for false patent marking.

Finally, Plaintiff's Complaint also fails to meet the requirements of Rule 8(a) because there is no allegation that the alleged "false marking" was performed by Homax "with the intent to deceive the public." The Complaint states only that "Homax marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, Homax falsely marked its products with intent to deceive the public." (Compl. ¶ 109.) Nowhere does Plaintiff allege that Homax had an intent to *deceive* the public at the time of the marking. *See Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1364 (Fed. Cir. 2010) (stating that "the required intent is not intent to perform the act, *viz.*, falsely mark a product, but instead intent to deceive the public").

The Complaint also does not allege that at the time Homax marked its products with the numbers of the patents-at-issue, Homax *knew* that the patents were expired; instead, the Complaint alleges merely that Homax—apparently generally—knows that nothing can be protected by an expired patent. The allegations of the Complaint are simply insufficient to *allege* the intent to deceive element of false patent marking is met even by an inference of intent. *See Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352-53 (Fed. Cir. 2005) (stating that

---

[3] Notably, because one of the Homax patents identified in the Complaint expired only two months before the Complaint was filed, Plaintiff would have to plead—and have some basis for doing so—that Homax had actually marked products with the patent number and did so after the patent expired. Where, as here, it appears likely Plaintiff simply purchased product off of a store shelf, Plaintiff would seem to have no basis for alleging that the "marking" took place after May 1, 2010 as opposed to sometime prior to that date.

5

Defendant Homax Products, Inc.'s Motion To Dismiss Pursuant To Rule 12(b)(6) Under Rules 8(a) And/Or 9(b) – Case No. 10 CV-02994-JF

"the fact of misrepresentation coupled with proof that the part making it had *knowledge of its falsity* is enough to warrant drawing the inference that there was a fraudulent intent"). If the patents were *not expired* at the time that Homax placed the numbers onto the products, it is simply not possible that Homax could have "knowledge of falsity" because there would be no falsity.

In summary, for the multiple reasons identified above, the Complaint fails to meet the requirements of Rule 8(a) and should be dismissed.

> **B. Dismissal Is Also Proper Because SFT Fails To Satisfy The Particularity Requirements Of Rule 9(b)**

Rule 9(b) of the Federal Rules of Civil Procedure requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Federal Circuit has explained that with respect to fraud-based allegations, such as inequitable conduct, "[p]leading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based." *Exergen*, 575 F.3d at 1330. Rule 9(b) requires that the "'circumstances' . . . must be set forth with 'particularity,' i.e., they 'must be pleaded in detail'—'[t]his means the who, what, when, where, and how' of the alleged fraud." *Id.* at 1327 (*quoting DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). *See also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Stated another way, "mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

As discussed above, one of the required elements of false patent marking under § 292 is "intent to deceive the public." *Forest Group*, 590 F.3d at 1300. Although the Federal Circuit has not directly addressed whether this element of the offense brings the statute within the purview of Rule 9(b), its recent rulings indicate a high likelihood that it would so hold. *See, e.g.*, *Pequignot*, 608 F.3d at 1363 (stating that "the statute requires that the false marker act 'for the purpose of deceiving the public,' a purpose of deceit, rather than simply knowledge that a

6

statement is false, is required"). Moreover, at least one other district court within the Northern District of California has specifically held that false patent marking is a fraud-based claim that must comply with Rule 9(b). *See Juniper Networks v. Shipley*, No. C 09-0696 SBA, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) (stating that "[t]he false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)").[4]  Courts in other jurisdictions have reached the same conclusion. *See, e.g.*, *Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc.*, No. 8:10-cv-486-T-23TGW, 2010 WL 2640137, at *1 (M.D. Fla. Jun. 30, 2010) (*quoting Juniper*); *Simonian v. Cisco Sys., Inc.*, No. 10 C 1306, 2010 WL 2523211, at *2-3 (N.D. Ill. Jun. 17, 2010) (concluding that "a claim brought under 35 U.S.C. § 292 'is a fraud-based claim'") (*quoting Juniper*).[5]

SFT's Complaint should be dismissed because it fails to meet the requirements of Rule 9(b) in at least three ways:  First, SFT fails to identify Homax's allegedly fraudulent *acts* with particularity.  Second, SFT fails to identify Homax's allegedly fraudulent *intent* with particularity.  Third, SFT fails to identify Homax's allegedly falsely marked *products* with particularity.

### 1. SFT Fails To Plead The Allegedly Fraudulent *Acts* With Particularity

SFT's basic allegation appears to be that there are Homax products sitting on the shelf at a store that are marked with the numbers of two recently expired Homax patents.  More specifically, SFT states that "Homax's falsely marked products are being sold retail in 2010 with such false markings."  (*See* Compl. ¶ 108.)  In other words, SFT alleges—with no support—that products with expired patent numbers were in stores "in 2010" and tries unsuccessfully to bootstrap this allegation into an inference that the products were *marked* post-expiration of the

---

[4] In so holding, the *Juniper* Court relied upon *Berson v. Applied Signal Technology, Inc.*, 527 F.3d 982, 987 (9th Cir. 2008), a case involving allegations of securities fraud and in which the court stated that with respect to Rule 9(b) "[p]laintiffs must 'state with particularity facts giving rise to a strong inference' that defendants acted with the *intent to deceive*").

[5] *See also U.S. ex rel. Scharmer v. Carrollton Mfg. Co.*, 377 F. Supp. 218, 221 (N.D. Ohio 1974) (describing a false patent marking claim as a "contention . . . [of] a conscious fraud").

7

patents. However, facts to support the allegation and the necessary inference are completely missing. For example, SFT does not identify whether it purchased the Homax products. SFT does not identify any single store where the products were "being sold retail." Further, SFT does not provide any specific time frame other than "in 2010."

SFT's belief seems to be that if a product is on a retail shelf and has a number of an expired patent upon it, then regardless of when the product was packaged and marked, it is falsely marked. However, SFT's desired inference of fraudulent acts is impermissible, does not follow, and does not meet the heightened pleading requirements of Rule 9(b).

Clearly, the point in time that a product is on a store shelf is not the same point in time when the product was marked. Marking necessarily must have occurred earlier. SFT's Complaint fails to take into account the time between when the products are marked, when they actually reach store shelves, and when they are ultimately sold. Indeed, the Homax aerosol spray texture products identified in the Complaint are relatively durable consumer products—products that are not subject to spoilage as would be the case for many food products. (Clawson Decl. ¶ 7.) The Homax products in question could have been *marked* well prior to the expiration date of the patents and still be on sale in 2010.

In sum, there is not one single fact pled by SFT to support any inference that either of the two accused products were marked at any specific time, let alone after expiration of any of the patents with which they are marked. SFT has alleged no specific facts to support any assertion that either of the Homax spray texture products were falsely marked *when marked*. Thus, the Court should dismiss SFT's Complaint, which fails to meet both the requirements of Rule 8(a) and the heightened pleading requirements of Rule 9(b).

   **2. SFT Fails To Plead The Allegedly Fraudulent *Intent* With Particularity**

Even if the Court finds that SFT pleaded its allegations of fraudulent *acts* with the required particularity, SFT still fails to comply with Rule 9(b) because it fails to plead facts sufficient to support its allegations of Homax's fraudulent *intent*.

8

1  SFT's conclusory attempts to allege that Homax "made many decisions" to mark its products after the patents expired fails to comply with Rule 9(b). *See Juniper Networks*, 2009 WL 1381873, at * 4 (stating that conclusory allegations that defendant "knew" a marked product was not covered by a patent were insufficient under Rule 9(b)). Further, in *Juniper Networks*, the court rejected a pleading similar to the one here, which alleged the defendant "'knew' his reference to the patents was 'false'" and held such an allegation was "insufficient to plead an intent to deceive under section 292(a)." *Id.* Here, SFT's allegations are also insufficient to plead Homax's alleged fraudulent intent with the required particularity.

The Ninth Circuit has also held that Rule 9(b) prevents parties from merely relying upon "suspicious circumstances" as a sufficient factual basis for fraud-based allegations. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). In *Neubronner*, the Ninth Circuit affirmed dismissal of the plaintiff's complaint, which contained allegations on information and belief, where the "suspicious circumstances" alleged were merely that the defendant was an investment banker and that his employer bank "eventually sank into financial trouble." *Id.* More specifically, such "suspicious circumstances" "d[id] not constitute a sufficient factual basis for [the] allegations of insider trading" at issue in *Neubronner*. *Id.*

Here, SFT's allegations that Homax products have expired patent numbers on them as they sit on store shelves or are "being sold retail in 2010" is meaningless with respect to showing the required intent that must be associated with the act of marking. At most, SFT's Complaint alleges "suspicious circumstances," which are simply insufficient to meet the requirement for pleading "intent to deceive" with particularity. *See id.* Further, not only does SFT fail to provide any facts to support a conclusion that any Homax product was marked with any type of "intent to deceive," it certainly has no facts to support a conclusion that the marking was done "for the purpose of deceiving the public" as required by § 292.

Defendant Homax Products, Inc.'s Motion To Dismiss Pursuant To Rule 12(b)(6) Under Rules 8(a) And/Or 9(b) –
Case No. 10 CV-02994-JF

### 3. SFT Fails To Plead The Allegedly Falsely Marked *Products* With Particularity

Even were the Court to find that SFT pled its allegations of fraudulent *acts* and fraudulent *intent* with the required particularity, SFT still fails to comply with Rule 9(b) because it fails to plead the alleged falsely marked products with particularity. While SFT identifies two of Homax's aerosol spray texture products by name (Compl. ¶ 107), the Complaint never alleges that either of these products were "falsely marked." Instead, the paragraphs of the Complaint that follow simply contain allegations that "Homax's falsely marked products" are being sold in 2010 with "such false markings." (Compl. ¶ 108.) However, the Complaint neither identifies which products are the "falsely marked products" nor identifies with any particularity which "false markings" are the subject of the allegation. The remainder of the Complaint is similarly deficient in that it refers to "Homax mark[ing] its products with patents to induce the public . . ." but, again, does not identify which products or even which "patents." In sum, for this third reason, SFT's allegations of false patent marking fail to meet the heightened pleading standards of Rule 9(b) and should be dismissed.

## V. CONCLUSION

For the reasons stated above, Homax respectfully requests that this Court dismiss SFT's Complaint against Homax under Rule 12(b)(6) for failure to state a claim under Rule 8(a) and for failure to plead false patent marking with the particularity required under Rule 9(b).

Dated: August 25, 2010          Respectfully submitted,

By: _____/s/_____
Jenny L. Sheaffer (*Pro Hac Vice*)
BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP

David M. Given
PHILLIPS, ERLEWINE & GIVEN LLp

Attorneys for Defendant
HOMAX PRODUCTS, INC.

10