Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473
Email: kspelman@mount.com, dfingerman@mount.com

Counsel for San Francisco Technology Inc.

U.S. District Court
Northern District of California

| | |
|---|---|
| San Francisco Technology Inc.<br><br>Plaintiff<br><br>vs.<br><br>Aero Products International Inc., BP Lubricants USA Inc., BRK Brands Inc., Calico Brands Inc., Cooper Lighting LLC, Darex LLC, Dexas International Ltd., Dyna-Gro Nutrition Solutions, Fiskars Brands Inc., Global Concepts Inc., Homax Products Inc., Kimberly-Clark Corporation, Kraco Enterprises LLC, Lixit Corporation, Mead Westvaco Corporation, Nutrition 21 Inc., Oatey Co., Optimum Technologies Inc., Newell Rubbermaid Inc., Schick Manufacturing Inc., The Scotts Company LLC, Sterling International Inc., Vitamin Power Incorporated, Woodstream Corporation, 4-D Design Inc.<br><br>Defendants | Case No. 5:10-cv-02994-JF-HRL<br><br>**Plaintiff's Opposition to Homax's Motion Challenging the Sufficiency of the Complaint**<br><br>Date: October 1, 2010<br>Time: 9:00 a.m.<br>Room: Courtroom 3, 5th Floor<br>Judge: Judge Jeremy Fogel |

# Table of Contents

Introduction ........................................................................................................................................1

Argument ...........................................................................................................................................1

I. Federal Law And Public Policy Prohibit False Marking .................................................................1

   A. Public policy underlying the false marking statute....................................................................1

   B. The elements of false marking: falsity and intent to deceive the public ....................................3

      (1) The falsity requirement: "marking an unpatented article" ....................................................3

      (2) Intent to deceive the public ...................................................................................................4

II. Facts alleged in the complaint are presumed true at the pleading stage .........................................5

III. A minor error in the complaint may be ignored .............................................................................6

IV. False marking does not trigger the "fraud" pleading standard of Rule 9(b) ...................................7

V. Even if specificity is required under Rule 9, SF Tech's complaint meets this standard ..................9

   A. Knowledge and intent are never required to be pled with particularity......................................9

   B. SF Tech's complaint alleges the marking element with particularity .......................................11

Conclusion ........................................................................................................................................13

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1  Plaintiff San Francisco Technology Inc. ("SF Tech") submits this opposition to defendant
2  Homax's motion challenging the sufficiency of the complaint (Docket Nos. 152–155).

### Introduction

4  The law encourages manufacturers to inform the public about any patents that protect their
5  products. Truthful and accurate patent markings are a key mechanism to inform the public about
6  patent rights. However, *falsely* marking an *unpatented* product — as if it were patented — is illegal.
7  False marking stifles competition, chills scientific research, and undermines federal public policy.

8  Homax falsely represented to the public that its spray texture products are protected by two
9  patents by marking them with the text alleged in the complaint: "US PATENTS # 5,037,011;
10  5,188,263". Both of those patents have expired and do not protect the marked products. The law is
11  clear that this is a false marking.

12  Homax suggests that claims for false marking under the Patent Act sound in fraud and are
13  therefore held to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil
14  Procedure. Homax relies on two propositions: (1) the superficial, semantic similarity between "false
15  marking" and the elements of fraud, and (2) a District Court decision which assumed that proposition
16  with no analysis. Courts that have examined this issue have reached the opposite conclusion —
17  holding that claims for false marking are subject to Rule 8, the notice pleading rule that generally
18  governs all pleadings in federal courts. However, even if Rule 9(b) did apply, SF Tech's complaint
19  contains enough specificity to meet that standard.

20  Accordingly, Homax's motion must be denied. In the alternative, if the court finds that the
21  complaint is not sufficiently pled, the court must grant leave to amend.[1]

### Argument

### I. Federal Law And Public Policy Prohibit False Marking

#### A. Public policy underlying the false marking statute

25  The law encourages patentees to inform the public about their patent rights. If a manufacturer
26  makes a product that is protected by a patent, section 287 of the Patent Act gives it an incentive to

---

[1] *See e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016 (9th Cir. 2009); *D-Beam v. Roller Derby Skate Corp.*, 316 Fed. Appx. 966, 968 (Fed. Cir. 2008) (applying regional circuit law)

Case No. 5:10-cv-02994-JF-HRL                                                                                          Page 1
Plaintiff's Opposition to Homax's Motion Challenging the Sufficiency of the Complaint

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

mark the product with the applicable patent number. If a product is properly marked, section 287 provides that the patentee may recover enhanced damages against infringers.[2]

The public policy of disseminating information about patent rights requires that patent markings be truthful, so Congress outlawed untruthful markings over 150 years ago. Borrowing from earlier false copyright marking statutes, Congress enacted the first false patent marking statute in 1842.[3] Over the next 110 years, this statute was amended several times, but the basic substance remained the same. The current false marking statute was enacted in 1952 and is codified in section 292 of the Patent Act:[4]

> (a) Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public … [s]hall be fined not more than $500 for every such offense.
>
> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

Twice in recent years, the Federal Circuit has examined the public policy underlying this statute. In 2005, the Federal Circuit summarized the relevant Supreme Court precedent in *Clontech v. Invitrogen*:[5]

> Together, *Wine Ry.* and *Bonito Boats* explain that Congress intended the public to rely on marking as "a ready means of discerning the status of intellectual property embodied in an article of manufacture or design." *Bonito Boats*, 498 U.S. at 162. *Lear* articulates federal patent policy, recognizing an "important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain." 395 U.S. at 670. That interest is clearly injured by false marking because the act of false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article.

---

[2] 35 U.S.C. § 287(a); *Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010) (*Pequignot 4*) (discussing § 287)
[3] Elizabeth I. Winston, *The Flawed Nature of the False Marking Statute*, 77 Tenn. L. Rev. 111, 112 (2009) ("Winston")
[4] 35 U.S.C. § 292
[5] *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1356–57 and n6 (Fed. Cir. 2005) (discussing *Wine Ry. Appliance Co. v. Enterprise Ry. Equipment Co.*, 297 U.S. 387 (1936); *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141 (1989); and *Lear Inc. v. Adkins*, 395 U.S. 653 (1969))

> In each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.

In 2009, the Federal Circuit further explained the public policy underlying the false marking statute in *Forest Group v. Bon Tool*:[6]

> The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design. Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. False marking can also cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

Thus, sound public-policy reasons exist to encourage truthful patent markings and to punish false patent markings. Section 292 requires this court to fine a false marker up to $500 per offense, as a punishment for its wrongful conduct and as a deterrent to similarly-situated manufacturers.[7]

**B. The elements of false marking: falsity and intent to deceive the public**

"The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public."[8] Both elements may be proved by a preponderance of evidence.[9]

<u>(1) The falsity requirement: "marking an unpatented article"</u>

A device is falsely marked if it is not protected by at least one claim of each patent listed in

---

[6] *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1302–1303 (Fed. Cir. 2009) ("*Forest Group 1*") (quotation marks and citations omitted)
[7] *Forest Group Inc. v. Bon Tool Co.*, 2010 U.S. Dist. Lexis 41291, 6–7 (N.D. Tex. 2010) ("*Forest Group 2*"); *Presidio Components Inc. v. American Technical Ceramics Corp.*, 2010 U.S. Dist. Lexis 36127, 136–37 (S.D. Cal. 2010)
[8] *Forest Group 1*, 590 F.3d at 1300
[9] *Pequignot 4*, 608 F.3d at 1363–64; *Forest Group 1*, 590 F.3d at 1300; *Clontech*, 406 F.3d 1347, 1352–53

the marking.[10]  "[A]n article covered by a now-expired patent is 'unpatented.'"[11]  "An article that was once protected by a now-expired patent is no different from an article that has never received protection from a patent.  Both are in the public domain."[12]  Accordingly, any marking with an expired patent is false as a matter of law.[13]

### (2) Intent to deceive the public

The Federal Circuit defines intent to deceive as follows: "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true."[14]  Although intent to deceive is "subjective in nature", it is proved "by objective criteria."[15]  A plaintiff must show that the marker lacked a reasonable basis to believe that its marking was truthful at the time the marking was made.[16]  Once this is shown, there is a presumption that the marking was made with intent to deceive the public.[17]  The Federal Circuit first articulated this in *Clontech v. Invitrogen*:[18]

> Thus, objective standards control and the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent.  Thus, under such circumstances, the mere assertion by a party that it did not intend to deceive will not suffice to escape statutory liability.  Such an assertion, standing alone, is worthless as proof of no intent to deceive where there is knowledge of falsehood.  But in order to establish knowledge of falsity the plaintiff must show by a preponderance of the evidence that the party accused of false marking did not have a reasonable belief that the articles were properly marked (i.e., covered by a patent).

Thus, a plaintiff must initially prove that the marker lacked a reasonable basis to believe the marking was true or had sufficient information to know that the marking was false.[19]  Once the

---

[10] *Clontech*, 406 F.3d at 1352
[11] *Pequignot 4*, 608 F.3d at 1361
[12] *Pequignot 4*, 608 F.3d at 1361 (editing marks omitted) (quoting *Pequignot v. Solo Cup Co.*, 646 F. Supp. 2d 790 (E.D. Va. 2009) ("*Pequignot 3*"))
[13] *Pequignot 4*, 608 F.3d at 1361
[14] *Clontech*, 406 F.3d at 1352
[15] *Clontech*, 406 F.3d at 1352
[16] *Pequignot 4*, 608 F.3d at 1362–63 (explaining *Clontech*, 406 F.3d at 1352–53)
[17] *Pequignot 4*, 608 F.3d at 1362–63 (explaining *Clontech*, 406 F.3d at 1352–53)
[18] *Clontech*, 406 F.3d at 1352–53 (quotation marks and citations omitted)
[19] *Clontech*, 406 F.3d at 1352–53

1  plaintiff meets that burden, the marker is presumed to have intended to deceive the public.[20] At that
2  point, the burden shifts to the marker to prove (if it can) that it had some different intent.[21] "[T]he
3  presumption cannot be rebutted by 'the mere assertion by a party that it did not intend to deceive.'"[22]
4  Rather, the marker must come forward with "credible evidence" that it had a legitimate purpose for
5  placing a false patent marking on its product.[23]

## II. Facts alleged in the complaint are presumed true at the pleading stage

At the pleading stage, the court must assume to be true all facts alleged in the complaint, and the defendant may not seek dismissal under Rule 12(b)(6) by disputing those facts. Accordingly, if a plaintiff pleads that a marking was false and that the defendant had the requisite state of mind — i.e., that the defendant lacked a reasonable basis to believe the marking was truthful — then a motion under Rule 12(b)(6) must be denied. As the court explained in *Simonian v. Oreck*:[24]

> Having sufficiently pled that defendants have falsely marked a product with an expired patent, Simonian needs only to have sufficiently alleged defendants' deceptive intent. "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Pequignot*, 608 F.3d at 1362–63. Simonian's complaint specifically states that the '902 Patent and the '315 Patent are expired and falsely marked on products, and that defendants had knowledge that these patents were expired and therefore the marks are false. By alleging that defendants had knowledge of their false marking and that the marks were false creates a rebuttable presumption of deceptive intent. Because defendants have sufficiently, albeit generally, alleged deceptive intent and for the other reasons discussed herein, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

The falsity of Homax's marking is undisputed. As the complaint alleges in paragraphs 106–107: " Homax makes and sells many types of products, including Homax Orange Peel & Knockdown Ceiling Texture Vertical Spray and Homax Acoustic Patch Ceiling Repair. Homax Orange Peel & Knockdown Ceiling Texture Vertical Spray is sold in packages marked "US PATENTS # 5,037,011;

---

[20] *Pequignot 4*, 608 F.3d at 1362–63
[21] *Pequignot 4*, 608 F.3d at 1362–64
[22] *Pequignot 4*, 608 F.3d at 1363; *Clontech*, 406 F.3d 1347, 1352–53
[23] *Pequignot 4*, 608 F.3d at 1363
[24] *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832, 12–13 (N.D. Ill. 2010); *see also Simonian v. Bunn-O-Matic Corp.*, 2010 U.S. Dist. Lexis 86216, 12–16 (N.D. Ill. 2010)

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

5,188,263'". Since a marking with expired patents is false as a matter of law, it is clear that these named products are Homax's "falsely marked products", as they are referred to in paragraph 108.

Homax's intent to deceive is also pled sufficiently in paragraph 109: "Homax marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent." This alleges that Homax marked its products for the purpose of inducing the public to believe the marking. This is the heart of the "intent to deceive" element of false marking under § 292.[25]

### III. A minor error in the complaint may be ignored

The chief basis for Homax's argument to dismiss under Rule 8 is a minor error. There is no dispute that Homax marked its spray texture products with the following text, as alleged in paragraph 107 of the complaint: "US PATENTS # 5,037,011; 5,188,263". There is also no dispute that "U.S. Patent Nos. 5,037,011 and 5,188,263 expired no later than 5/1/2010 and 8/7/2008, respectively", as further alleged in paragraph 107. In the next paragraph, Plaintiff's counsel made a minor drafting error when preparing the complaint. While preparing the complaint in a word processing program, Plaintiff's counsel copied some text from the previous count (against defendant Global Concepts) that referred to U.S. Patent No. 4,802,057 and failed to edit the sentence correctly after pasting it into paragraph 108 (in the count against Homax). From the context, it is clear that SF Tech meant to refer to U.S. Patents Nos. 5,037,011 and 5,188,263, not U.S. Patent No. 4,802,057, and that the reference to U.S. Patent No. 4,802,057 is merely an error. The intended allegation against Homax is:

> 108. Homax's falsely marked products are being sold retail in 2010 with such false markings, after the expiration of U.S. Patent Nos. 5,037,011 and 5,188,263. Upon information and belief, Homax has made many decisions to mark its falsely marked products after the expiration of U.S. Patent Nos. 5,037,011 and 5,188,263, including each time it has printed or otherwise created such packaging.

SF Tech admits that a drafting error exists in paragraph 108 of the complaint. However, since the intended allegation is clear from the context, the court may ignore this minor error and decline to dismiss the complaint. However, SF Tech offers to amend the complaint to correct this drafting error. In the amended complaint, paragraph 108 would be corrected to the form shown above.

---
[25] *Pequignot 4*, 608 F.3d 1356; *Forest Group 1*, 590 F.3d at 1301

Case No. 5:10-cv-02994-JF-HRL  Page 6
Plaintiff's Opposition to Homax's Motion Challenging the Sufficiency of the Complaint

**IV. False marking does not trigger the "fraud" pleading standard of Rule 9(b)**

The pleading standard in federal court is governed by Rule 8, which requires "a short and plain statement of the claim".[26] The Supreme Court has held:[27]

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts.

Accordingly, a "a short and plain statement of the claim" is sufficient, unless false marking fits the "limited exception" of fraud in Rule 9(b). Homax relies on the superficial, semantic similarity between the elements of fraud and false marking, such as "intent to deceive" to suggest that false marking is a species of fraud. Although perhaps superficially attractive, this argument fails when examined.

Many torts that include false or deceptive conduct are not fraud and are therefore governed by the "simplified pleading standard" of Rule 8.[28] For example, Rule 8 applies to claims for False Advertising and claims for False Designation of Origin.[29] Similarly, a claim for "deceptive acts or practices in the conduct of any business" need not be pled with particularity because it "extends well beyond common-law fraud to cover a broad range of deceptive practices" and "does not require proof of the same essential elements (such as reliance) as common-law fraud".[30] When the Federal Circuit held in *Exergen v. Wal-Mart* that claims seeking a declaration of patent unenforceability due to inequitable conduct must be pled with particularity under Rule 9, it expressly relied on a long line of cases holding that inequitable conduct is a species of fraud and that its elements are similar to fraud.[31] The Federal Circuit has expressly distinguished the evidentiary standard that applies to false marking from the evidentiary standard that applies to inequitable conduct.[32] This distinction demonstrates that the Federal Circuit intends for the law of false marking to develop separately from the law of inequitable conduct.

---

[26] Fed. R. Civ. P. (FRCP) 8(a)(2)
[27] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (footnote omitted)
[28] *Swierkiewicz*, 534 U.S. at 513
[29] *Jurin v. Google Inc.*, 2010 U.S. Dist. Lexis 18208 (E.D. Cal 2010)
[30] *See e.g.*, *Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. N.Y. 2005)
[31] *Exergen Corp. v. Wal-Mart Stores Inc.*, 575 F.3d 1312 (Fed. Cir. 2009)
[32] *Pequignot 4*, 608 F.3d at 1363–64

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

"The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public."[33] Since false marking also "does not require proof of the same essential elements (such as reliance) as common-law fraud",[34] the "limited exception" of Rule 9 does not apply.[35] Thus, several District Courts have applied Rule 8 to complaints for false marking and rejected their defendants' attempts to apply Rule 9.

Homax relies on an unpublished District Court decision in *Juniper Networks v. Shipley* to argue that Rule 9 applies to false marking claims.[36] Before that 2009 unpublished decision, there was apparently "no case law that has required the Rule 9 level of pleading to claims for false marking."[37] The *Juniper Networks* court assumed that false marking sounds in fraud because of the semantic similarities. However, it never compared the elements of false marking to the elements of fraud. For support, it cited cases requiring the Rule 9 standard for claims having a long judicial history of being species of fraud and having similar elements — such as fraud upon the stock market[38] and patent unenforceability for fraud upon the U.S. Patent & Trademark Office.[39] The *Juniper Networks* court never went beyond the semantic similarity to consider how the elements of false marking compare to the elements of fraud. Had it done so, it would have reached the same conclusion as the courts in *Astec v. Power-One* and *Third Party Verification Inc. v. SignatureLink*.[40] Both of those courts searched the caselaw for precedent applying Rule 9 to false marking, and they found none. Without performing the same review, the *Juniper Networks* court completely missed one ruling and summarily dismissed the other in a footnote.[41]

The *Astec* court did the required analysis, comparing false marking to fraud, and determined them to be so different that Rule 8, not Rule 9, should apply.[42] It found not a single case holding that

---

[33] *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009)
[34] *Pelman*, 396 F.3d at 511
[35] *Swierkiewicz*, 534 U.S. at 513
[36] *Juniper Networks v. Shipley*, 2009 U.S. Dist. Lexis 40978 (N.D. Cal. 2009)
[37] *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007), affirmed in *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007)
[38] *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982 (9th Cir. 2008)
[39] *Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.*, 557 F. Supp.2d 490, 493 (D.N.J. 2008)
[40] *Astec America Inc. v. Power-One Inc.*, 2008 U.S. Dist. Lexis 30365 (E.D. Tex. 2008); *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007), affirmed in *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007)
[41] *Juniper Networks*, 2009 U.S. Dist. Lexis 40978, *12, footnote 3
[42] *Astec*, 2008 U.S. Dist. Lexis 30365

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

false marking should be pled with particularity.[43] The reasoning of *Astec* is persuasive:[44]

> Power-One also moves to dismiss Astec's false marking claim for failing to plead the claim with specificity. See Fed. R. Civ. P. 9(b). In the alternative, Power-One moves for a more definite statement. Power-One argues that because a false marking claim requires an allegation of deceptive intent, it is similar to an averment of fraud, which must be pled with specificity. However, Power-One provides no case authority for its proposition linking a false marking claim to an averment of fraud. On the other hand, courts have generally interpreted the scope of Rule 9(b) as limited to allegations of fraud and mistake.

The *Astec* court is not alone — other District Courts have also applied the "simplified pleading standard" of Rule 8 to claims for false marking.[45] Accordingly, this court should follow the great weight of this precedent and apply Rule 8 to SF Tech's complaint for false marking.

## V. Even if specificity is required under Rule 9, SF Tech's complaint meets this standard

If the court determines that Rule 9 applies to claims for false marking, then it must still deny the motion to dismiss because SF Tech has already pled its claims with sufficient particularity.

### A. Knowledge and intent are never required to be pled with particularity

"The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public."[46] Homax misreads the statute and rules when it argues that SF Tech did not allege its intent with particularity. Rule 9(b) states: "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Thus, SF Tech may allege Homax's knowledge and intent to deceive "generally", and its complaint does so.

As Rule 9 permits, the complaint alleges "generally" that "Homax marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, Homax falsely marked its products with intent to deceive the public."[47] This is all that Rule 9 requires concerning

---

[43] *Astec*, 2008 U.S. Dist. Lexis 30365, 26
[44] *Astec*, 2008 U.S. Dist. Lexis 30365, 32–33
[45] *See e.g.*, *U.S. ex rel. FLFMC LLC v. Ace Hardware Corp.*, 2010 U.S. Dist. Lexis 45453 (W.D. Pa. 2010) (analyzing the complaint under the Rule 8 standard); *Brinkmeier v. Graco Children's Products Inc.*, 2010 U.S. Dist. Lexis 12916 (D. Del. 2010) (analyzing the complaint under the Rule 8 standard); *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007) (rejecting the application of Rule 9 to false marking claims), affirmed in *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007)
[46] *Forest Group*, 590 F.3d at 1300
[47] Complaint at ¶ 109

Case No. 5:10-cv-02994-JF-HRL   Page 9
Plaintiff's Opposition to Homax's Motion Challenging the Sufficiency of the Complaint

knowledge or intent.

Rule 9 cannot require a plaintiff to plead more facts that it must prove at trial to prevail on a claim. To prevail at trial, SF Tech must prove by a preponderance of the evidence: (1) the markings are false, and (2) the defendants had sufficient knowledge at the time of the markings to determine that they were false.[48] Proof of these facts creates a presumption that each defendant intended to deceive the public — completes SF Tech's *prima facie* case for false marking.[49] The burden then shifts to the defendants to adduce evidence (if any exists) that they lacked intent to deceive.[50] As discussed above, SF Tech has pled knowledge and intent generally, to the extent Rule 9 requires. As discussed below, it has also pled the marking element to the extent Rule 9 requires. Accordingly, SF Tech has complied with Rule 9 even though it has no obligation to do so.

This same conclusion was reached by two courts in *Simonian v. Oreck* and *Simonian v. Bunn-O-Matic*.[51] Both of those courts examined complaints very similar to SF Tech's complaint. The *Oreck* court explained:[52]

> Having sufficiently pled that defendants have falsely marked a product with an expired patent, Simonian needs only to have sufficiently alleged defendants' deceptive intent. "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Pequignot*, 608 F.3d at 1362–63. Simonian's complaint specifically states that the '902 Patent and the '315 Patent are expired and falsely marked on products, and that defendants had knowledge that these patents were expired and therefore the marks are false. By alleging that defendants had knowledge of their false marking and that the marks were false creates a rebuttable presumption of deceptive intent. Because defendants have sufficiently, albeit generally, alleged deceptive intent and for the other reasons discussed herein, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

---

[48] *Forest Group*, 590 F.3d at 1300; *Pequignot 4*, 2010 U.S. App. Lexis 11820, *15–16; *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)
[49] *Pequignot 4*, 2010 U.S. App. Lexis 11820, *15–16 ("under *Clontech* and under Supreme Court precedent, the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public")
[50] *Pequignot 4*, 2010 U.S. App. Lexis 11820, *15–16
[51] *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832; *Simonian v. Bunn-O-Matic Corp.*, 2010 U.S. Dist. Lexis 86216
[52] *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832, 12–13

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

### B. SF Tech's complaint alleges the marking element with particularity

The first element of a false marking claim is "marking an unpatented article".[53] The Federal Circuit expressly ruled "that an article covered by a now-expired patent is unpatented" for purposes of § 292.[54] The complaint alleges that Homax has marked its products with expired patents. The complaint specifically identifies each product, each expired patent, and the date each patent expired. It goes on to allege that Homax is selling those products in 2010 — i.e., at the time the complaint was filed in July 2010 — which is after the patents' expiration.

No more specific allegations could exist that the products are marked with expired patents. The timing of the expirations and of the retail sales and advertising of each product is specifically identified. The most reasonable inference from these allegations is that the false marking is occurring after each patent's expiration. Accordingly, SF Tech alleges upon information and belief that the marking occurred after each patent's expiration. "Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based."[55] Courts have recognized for over 120 years that information about the exact dates and times of patent marking are exclusively within a defendant's control and therefore need not be alleged in a complaint.[56] The same is true for the names of the individual persons involved in the marking:[57]

> Furthermore, assuming that a false marking claim must be pled with particularity, Power-One seeks identification of who falsely marked the products with deceptive intent. Astec has identified in its Complaint that Power-One is the corporate entity responsible for Astec's false marking claim. Greater specificity is not necessary at this early stage of the proceedings.

Even if a "fraudulent scheme" must be alleged under Rule 9(b), SF Tech has also met this standard. The court in *Simonian v. Oreck* assumed (without deciding) that Rule 9(b) applies and explained what is required to allege a "fraudulent scheme" in a false marking case:[58]

---

[53] *Forest Group*, 590 F.3d 1300
[54] *Pequignot 4*, 2010 U.S. App. Lexis 11820, *12 (quoting the lower court opinion; internal quotation marks omitted)
[55] *Exergen*, 575 F.3d at 1331
[56] *Fish v. Manning*, 31 F. 340, 341 (S.D.N.Y. 1887)
[57] *Astec*, 2008 U.S. Dist. Lexis 30365, 33–34
[58] *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832, 11–12 (quotation marks, citations, and footnote omitted)

> Defendants argue that Simonian has not sufficiently alleged fraud under Fed. R. Civ. P. 9(b). … Under Rule 9(b), a complaint's fraudulent scheme should include the who, what, when, where and how. Defendants assert that Simonian has failed to allege the who, what, when, where and how to satisfy Rule 9(b). The court disagrees. Simonian has alleged that defendants (who) have deliberately and falsely marked (how), at least the Oreck XL Classic Power Team vacuum cleaner (what) with an expired patent, and have marketed and are currently marketing the falsely marked product(s) (when) throughout the Northern District of Illinois and the rest of the United States (where). Simonian has alleged the deceptive intent generally, which conforms to the requirements of Rule 9(b). For the above-mentioned reasons, the court rejects defendants' argument that the complaint is insufficient under Rule 9(b).

SF Tech has specifically pled that the accused markings were done after each patent's expiration date and that each accused product is being sold retail after those expirations. No plaintiff can know the exact dates of a defendant's markings without discovery. SF Tech made specific factual allegations of the information that could, in principle, be within the knowledge of any plaintiff at the pleading stage. That is all that Rule 9 requires.

Courts have denied motions to dismiss against complaints that allege far less than SF Tech's complaint in this case. For example, in *FLFMC v. Ace Hardware*, the defendant moved to dismiss a complaint on the same grounds as the motions in this case. That court denied the motion, approving these allegations as sufficient:[59]

> Pursuant to the provisions of 35 U.S.C. § 154 then in effect, the '148 patent expired on October 22, 1974. Defendant, or its agents, manufacture, sell, offer to sell, and/or advertise the product referred to as Trimline® Edger. The Trimline® Edger is marked with patent No. 2,810,148. … After October 22, 1974, Defendant or its agents marked upon, affixed to, or used in advertising in connection with items, including at least the Trimline® Edger, phrases referring to the 2,810,148 patent, implying that the item was patented. Defendant or its agents did so for the purpose of deceiving the public.

Moreover, Judge Seeborg of this court has concluded that SF Tech's allegations are sufficient. In *SF Tech v. Adobe*, SF Tech's complaint for false marking contained allegations substantially

---

[59] *U.S. ex rel. FLFMC LLC v. Ace Hardware Corp.*, 2010 U.S. Dist. Lexis 45453 (W.D. Pa. 2010); Request For Judicial Notice (RJN) exhibit M at ¶¶ 8–13

identical to its allegations in this case.[60] For example, SF Tech alleged against one defendant:

> 113. Upon information and belief, Super Swim sells swimming products such as its "Super Swim Pro" product.
>
> 114. Super Swim advertises the Super Swim Pro product on its web site, www.superswimpro.com. In its advertisements, Super Swim marks its product as follows: "US Patent 4-530-497 New Patents Pending". Upon information and belief, U.S. Patent No. 4,530,497 expired no later than 4/22/2003.
>
> 115. The above advertisements on Super Swim's web site are also marked "© 2008 Copyright SuperSwimPro". Upon information and belief, Super Swim made decisions to mark its products in the manner described above in at least 2008 when these advertisements were written and again each time each advertisement was revised. Thus, Super Swim made decisions to mark its product in the above-described advertisements long after U.S. Patent No. 4,530,497 expired.

The defendants in *SF Tech v. Adobe* filed motions to dismiss that are substantially similar to Homax's motion in this case. In the hearing on those motions, Judge Seeborg expressed doubt that it was necessary to reach the question of whether Rule 8 or Rule 9 governs this pleading.[61] Judge Seeborg went on to explain:[62]

> The pleading is detailed as to the products at issue and where the alleged mismarking could have been found in websites and packaging and the like. To the extent that the defendants seem to suggest that the deficiency lies in the failure to allege scienter, deliberate and knowing mismarking, I think that seems to be borrowing from the PSLRA context, and I don't really think it applies in this instance where, under 9(b), at least my reading is you can allege malice, intent, knowledge, in a much more general sense, as opposed to the securities heightened requirements.

Accordingly, SF Tech's complaint passes muster, and Homax's motion must be denied.

## **Conclusion**

For the reasons discussed above, Homax's motion to dismiss must be denied. In the alternative, if the court finds that the complaint is not sufficiently pled, then it must grant leave to amend.

---

[60] *San Francisco Technology Inc. v. Adobe Systems Inc.*, Case No. 5:09-cv-06083-RS-HRL (N.D. Cal.); *see also San Francisco Technology Inc. v. Adobe Systems Incorporated*, 2010 U.S. Dist. Lexis 40216 (N.D. Cal. 2010)
[61] Transcript at 9:9–14 (Request For Judicial Notice, Exhibit 1)
[62] Transcript at 9:15–24 (Request For Judicial Notice, Exhibit 1)

Case No. 5:10-cv-02994-JF-HRL Page 13
Plaintiff's Opposition to Homax's Motion Challenging the Sufficiency of the Complaint

| | |
|---|---|
| Date: September 10, 2010 | Mount & Stoelker, P.C. |
| | /s/ Dan Fingerman |
| | Counsel for San Francisco Technology Inc. |

## Certificate of Service

The undersigned certifies that on September 10, 2010, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

| | |
|---|---|
| Date: September 10, 2010 | Mount & Stoelker, P.C., |
| | /s/ Dan Fingerman |
| | Counsel for San Francisco Technology Inc. |

Z:\CLIENTS\F CLIENTS\False003\Attorney_Notes\Drafts\Homax\Opposition to Homax Motion Challenging Sufficiency of Complaint v2.doc