Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: kspelman@mount.com, dfingerman@mount.com

Counsel for San Francisco Technology Inc.

U.S. District Court
Northern District of California

| | |
|---|---|
| San Francisco Technology Inc.<br><br>Plaintiff<br><br>vs.<br><br>Aero Products International Inc., BP Lubricants USA Inc., BRK Brands Inc., Calico Brands Inc., Cooper Lighting LLC, Darex LLC, Dexas International Ltd., Dyna-Gro Nutrition Solutions, Fiskars Brands Inc., Global Concepts Inc., Homax Products Inc., Kimberly-Clark Corporation, Kraco Enterprises LLC, Lixit Corporation, Mead Westvaco Corporation, Nutrition 21 Inc., Oatey Co., Optimum Technologies Inc., Newell Rubbermaid Inc., Schick Manufacturing Inc., The Scotts Company LLC, Sterling International Inc., Vitamin Power Incorporated, Woodstream Corporation, 4-D Design Inc.<br><br>Defendants | Case No. 5:10-cv-02994-JF-HRL<br><br>**Plaintiff's Opposition to Homax's Motion Challenging Standing**<br><br>Date:  October 1, 2010<br>Time:  9:00 a.m.<br>Room:  Courtroom 3, 5th Floor<br>Judge: Judge Jeremy Fogel |

Plaintiff San Francisco Technology Inc. submits this opposition to defendant Homax's motion challenging standing (Docket Nos. 147–151).

SF Tech is a *qui tam* relator under the federal false marking statute, codified in the Patent Act at 35 U.S.C. § 292. This statute imposes a penalty for false marking and provides, "Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

There is no basis in law or fact for Homax's argument that SF Tech lacks standing. Homax points out that the complaint lacks allegations that Homax's wrongful conduct caused a specific injury to SF Tech, the government, or the U.S. economy. However, such allegations are not necessary. Several days after Homax filed its motion, the U.S. Court of Appeals for the Federal Circuit issued a decision in *Stauffer v. Brooks Brothers* that fully resolves the issues raised by Homax.[1] In *Stauffer*, the Federal Circuit held that the standing of a *qui tam* relator under § 292 does not rely on allegations of the type that Homax contends are missing from SF Tech's complaint. The lack of such allegations in the complaint is not relevant to SF Tech's standing. Rather, the standing of a *qui tam* relator under § 292 "arises from his status as 'any person,' and he need not allege more for jurisdictional purposes."[2] The Federal Circuit further explained:[3]

> Under *Vermont Agency [of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765 (2000)]*, a *qui tam* plaintiff, or relator, can establish standing based on the United States' implicit partial assignment of its damages claim, 529 U.S. at 773, to "any person," *see* 35 U.S.C. § 292(b). In other words, even though a relator may suffer no injury himself, a *qui tam* provision operates as a statutory assignment of the United States' rights, and "the assignee of a claim has standing to assert the injury in fact suffered by the assignor." *Vermont Agency*, 529 U.S. at 773. Thus, in order to have standing, Stauffer must allege that the United States has suffered an injury in fact causally connected to Brooks Brothers' conduct that is likely to be redressed by the court.
>
> As the government points out, Congress has, by enacting section 292, defined an injury in fact to the United States. In other words, a violation of that statute inherently constitutes an injury to the United

---

[1] *Stauffer v. Brooks Brothers Inc.*, --- F.3d ---, 2010 U.S. App. Lexis 18144 (Fed. Cir. 2010)
[2] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144, 17
[3] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144, 11–13

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

> States. In passing the statute prohibiting deceptive patent mismarking, Congress determined that such conduct is harmful and should be prohibited. The parties have not cited any case in which the government has been denied standing to enforce its own law. Because the government would have standing to enforce its own law, Stauffer, as the government's assignee, also has standing to enforce section 292.

SF Tech's complaint alleges violation of the false marking statute by each defendant, including Homax. The introductory first paragraph of the complaint explains:

> This is a *qui tam* action to impose civil fines for false marking. As alleged further below, each defendant has falsely marked articles in violation of 35 U.S.C. § 292 and must be civilly fined for each offense: "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public … Shall be fined not more than $500 for every such offense." Each defendant has falsely marked products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, each defendant falsely marked articles with intent to deceive the public.

Homax has filed a separate motion challenging the sufficiency of the complaint to state a claim for false marking. However, SF Tech's opposition to that motion demonstrates that a claim for false marking is sufficiently pled under the applicable pleading rules. Since the United States suffers an injury by definition when its law is violated, nothing more must be alleged than the violation of § 292.[4] SF Tech received an assignment of one-half of the government's interest in this claim by operation of law when SF Tech filed its complaint.[5] SF Tech's "standing arises from [its] status as 'any person,' and [it] need not allege more for jurisdictional purposes."[6]

Similarly baseless is Homax's suggestion that the sovereign nature of the injury to the United States prevents the claim from being assignable to SF Tech. The Federal Circuit further held in *Stauffer* that "standing as the United States' assignee does not depend upon the alleged injury to the United States being proprietary, as opposed to sovereign."[7]

---

[4] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144, 11–13
[5] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144, 11–13; *see also San Francisco Technology Inc. v. The Glad Products Co.*, 2010 U.S. Dist. Lexis 83681, 13–15 (N.D. Cal. 2010)
[6] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144, 17
[7] *Stauffer*, --- F.3d ---, 2010 U.S. App. Lexis 18144, 13

After this Federal Circuit decision, SF Tech invited Homax to withdraw its motion in light of this definitive ruling. At the time of this filing, Homax has not responded and has not withdrawn its motion.

For the foregoing reasons, Homax's motion challenging SF Tech's standing must be denied.

Date: September 10, 2010        Mount & Stoelker, P.C.
                                      /s/ Dan Fingerman
                                Counsel for San Francisco Technology Inc.

### Certificate of Service

The undersigned certifies that on September 10, 2010, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

Date: September 10, 2010        Mount & Stoelker, P.C.,
                                      /s/ Dan Fingerman
                                Counsel for San Francisco Technology Inc.

Z:\CLIENTS\F CLIENTS\False003\Attorney_Notes\Drafts\Homax\Opposition to Homax Motion Challenging Standing.doc