1   STEVEN H. BOVARNICK (State Bar # 99361)
    Sbovarnick@lpslaw.com
2   LELAND, PARACHINI, STEINBERG,
      MATZGER & MELNICK, LLP
3   199 Fremont Street - 21st Floor
    San Francisco, California  94105
4   Telephone: (415) 957-1800
    Facsimile: (415) 974-1520
5
    Attorneys for OPTIMUM TECHNOLOGIES, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

| 11 | SAN FRANCISCO TECHNOLOGY, INC., | CASE NO. 10-cv-02994-JF |
|---|---|---|
| 12 | Plaintiff, | **OPTIMUM TECHNOLOGIES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 9(B) AND 12(B)(6)** |
| 13 | vs. | |
| 14 | AERO PRODUCTS INTERNATIONAL INC., BP LUBRICANTS USA INC., BRK | |
| 15 | BRANDS, INC., CALICO BRANDS INC., COOPER LIGHTING LLC, DAREX LLC, | Date:      November 19, 2010 |
| 16 | DEXAS INTERNATIONAL LTD., DNYA-GRO NUTRITION SOLUTIONS, FISKARS | Time:      9:00 a.m. Crtrm.:   Courtroom 3, 5th Floor |
| 17 | BRANDS, INC., GLOBAL CONCEPTS INC., HOMAX PRODUCTS INC., | |
| 18 | KIMBERLY-CLARK CORPORATION, KRACO ENTERPRISES LLC, LIXIT | Hon. Jeremy Fogel |
| 19 | CORPORATION, MEAD WESTVACO CORPORATION, NUTRITION 21 INC., | Complaint Filed: July 8, 2010 |
| 20 | OATEY CO., OPTIMUM TECHNOLOGIES INC., NEWELL RUBBERMAID INC., | |
| 21 | SCHICK MANUFACTURING INC., THE SCOTTS COMPANY LLC, STERLING | |
| 22 | INTERNATIONAL INC., VITAMIN POWER INCORPORATED, | |
| 23 | WOODSTREAM CORPORATION, 4-D DESIGN INC., | |
| 24 | | |
| 25 | Defendants. | |

26

27

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 • FAX (415) 974-1520

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 · FAX (415) 974-1520

## I.   INTRODUCTION

SFTI alleges that Optimum, together with twenty four other defendants, violated 35 U.S.C. § 292 by marking products with US patent numbers with intent to purposefully deceive the public. As to Optimum, upon information and belief, SFTI identifies Optimum's LOK-LIFT Rug Gripper product as allegedly violating the statute.  On information and belief, SFTI alleges that Optimum "made many decisions to mark its falsely marked products" after the expiration date of the patent for the product.  On information and belief, SFTI alleges that Optimum "marks its products with patents to induce the public to believe that each such product is protected by each patent listed with knowledge that nothing is protected by an expired patent."  In short, the substance of SFTI's allegation against Optimum, made on information and belief, is that a product bearing an expired patent number establishes purposeful deception under the statute.

However, SFTI's false marking allegations sound in fraud, making the complaint subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b).  SFTI's complaint does not stand up under Rule 9(b) scrutiny.  Indeed, one of the purposes behind Rule 9(b) is to prevent precisely the kind of fishing expedition SFTI apparently seeks to embark upon by leveraging a thimbleful of inconclusive allegations into months of expensive, burdensome, and complicated litigation for the Court, Optimum, and the other defendants to this action.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Whether SFTI alleged violations of 35 U.S.C. § 292(a) with sufficient particularity under Fed. R. Civ. P. 9(b) where SFTI only alleged that products bearing expired patent numbers are in stores, and infers allegations of fraudulent intent based solely on "information and belief."

## III.   STATEMENT OF RELEVANT FACTS

On July 8, 2010, SFTI filed its complaint. (Dkt. 1)  SFTI's twenty-eight page, one hundred eighty-seven paragraph complaint alleges that twenty-five different defendants engaged in false marking under 35 U.S.C. § 292. (*Id.*)

SFTI's pleadings against each defendant, including Optimum, follow a common theme. Each Count of the Complaint urges that because the numbers of expired patents appear on

OPTIMUM TECHNOLOGIES, INC.'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 9(B) AND 12(B)(6)

1 products in the stream of commerce, "[u]pon information and belief" and without any supporting

2 factual allegations - each defendant "mark[ed] its products with patents to induce the public to

3 believe that each such product is protected by each patent listed and with knowledge that nothing

4 is protected by an expired patent." (*See, id.* ¶¶ 61, 65, 69, 73, 80, 84, 88, 92, 100, 104, 109, 113,

5 120, 124, 131, 136, 143, 147 (allegations regarding Optimum), 151, 162,170, 177, 183, 187).

6 SFTI concludes by alleging that each defendant "falsely marked its products with intent to deceive

7 the public." (*See, id.*)  Tellingly, SFTI qualifies each and every allegation of Optimum's

8 purportedly fraudulent intent by claiming that the allegation is based "upon information and

9 belief." (*See, e.g., id.* ¶¶ 145-147).

10 **IV.    ARGUMENT**

11       "The false marking statute [*i.e.*, 35 U.S. C. § 292] is a fraud-based claim, which is subject

12 to the pleading requirements of [Rule] 9(b)." *Juniper Networks v. Shipley*, No. C 09-696 SBA,

13 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009); *see also United States ex rel. Shcarmer v.*

14 *Carrollton Mfg Co.*, 377 F. supp. 218, 221 (N.D. Ohio 1974) (summarizing false marking claims

15 as a "contention . . . [of] a conscious fraud.").  Furthermore, a dismissal for failure to comply with

16 the heightened pleading requirements of Rule 9(b) is properly a dismissal for failure to state a

17 claim under Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P. 9(b), 12(b)(6); *Zucco*

18 *Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1008 (9th Cir. 2009).

19       Rule 9(b) requires that '[i]n *all* averments of fraud . . . the circumstances constituting fraud

20 . . . *shall* be stated with particularity." Fed. R. Civ. P. 9(b) (emphasis added).  Rule 9(b) requires

21 that a plaintiff set forth the activities underlying the alleged frauds, including the identity of those

22 involved, and their dates, times, and places. *See United States ex rel. Lee v. SmithKline Beecham,*

23 *Inc.*, 245 F.3d 1048, 1052-53 (9th Cir. 2001); *see also Moore v. Kayport Package Express, Inc.*,

24 885 F.2d 531, 540 (9th Cir. 1989) ("[M]ere conclusory allegations of fraud are insufficient.").  A

25 plaintiff alleging fraud must plead "the who, what, when, where, and how of the misconduct

26 charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009 (citation omitted).  And

27 a party "who makes allegations on information and belief must state the factual basis for the

28

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 • FAX (415) 974-1520

OPTIMUM TECHNOLOGIES, INC.'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 9(B) AND 12(B)(6)

relief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Mere allegations of "suspicious

circumstances" do not constitute a sufficient factual basis under Rule 9(b). *Id.*

> Rule 9(b) serves several important purposes:
>
> > to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'

*Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (citation omitted).[1] SFTI's

complaint should be dismissed because it fails to meet the heightened pleading standards of Rule

9(b) because SFTI fails to allege Optimum's allegedly fraudulent ***intent*** with particularity.

Rule 9(b) requires SFTI to plead facts sufficient to support its allegations of fraudulent

***intent***, *i.e.*, that Optimum acted "for the purpose of deceiving the public." 35 U.S.C. § 292(a).

SFTI failed to do so.

SFTI's conclusory attempts to claim that Optimum "made many decisions" to mark after

the patents allegedly expired fail to pass muster under Rule 9(b). *See Juniper Networks*, 2009 WL

1381873 at *4 (conclusory allegations that defendant "knew" marked product not covered by

patent were insufficient under Rule 9(b)). In *Juniper Networks*, the court rejected a similarly-

styled pleading that alleged the defendant marked an article "kn[owing] that language to be false .

---

[1] It is for these same reasons that courts require inequitable conduct claims (which, like false marking claims, sound in fraud) to be pled under Rule 9(b). *Exergen Corp. v. Wal-Mart Stores*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009); *Juniper Networks*, 2009 WL 1381873, at *4 (relying on precedent which held that Rule 9(b) applies to inequitable conduct claims, in holding that Rule 9(b) applies to false marking claims). And the purposes served by Rule 9(b) accord with the Supreme Court's recent precedent regarding the default standards of pleading under Rule 8. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1949 (2009) ("A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.").

OPTIMUM TECHNOLOGIES, INC.'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 9(B) AND 12(B)(6)

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 • FAX (415) 974-1520

1   . . ." *Id.* The court noted that false marking claims under 35 U.S.C. § 292 are subject to Rule 9(b)

2   standards, and that the conclusory allegations "that [defendant] 'knew' his reference to the patents

3   was 'false' are . . . insufficient to plead an intent to deceive under section 292(a)." *Id.*. Like the

4   relator in *Juniper Networks*, SFTI's intent pleadings are bare of any factual support and are

5   insufficient under Rule 9(b).

6         Rule 9(b) also does not permit parties to pile improper inferences of intent on top of

7   "suspicious circumstances." *Neubronner*, 6 F.3d at 672. In *Neubronner*, the Ninth Circuit

8   affirmed dismissal of the plaintiff's allegations on "information and belief" under Rule 9(b),

9   where, *inter alia*, the plaintiff alleged only "suspicious circumstances," namely, that the defendant

10  was an investment banker, and that the ban he worked for eventually sank into financial trouble.

11  *Id.* The Ninth Circuit held that such "suspicious circumstances" "d[id] not constitute a sufficient

12  factual basis" for the allegations of insider trading at issue in that case. *Id.; see also e.g., Stewart*

13  *v. Wachowski*, No. CV 03-2873 MMM (VBKx), 2005 WL 6184235, at *10 n. 48 (C.D. Cal. June

14  14, 2005) ("Allegations based on . . . weak factual inferences do not satisfy Rule 9(b) pleading

15  requirements.").

16        Here, SFTI's allegations that expired patent numbers appearing on products in the stream

17  of commerce is meaningless with respect to any intent associated with the act of marking. At

18  most, SFTI's complaint amounts to allegations of suspicious circumstances that are insufficient to

19  satisfy its obligation to plead fraudulent intent with particularity. After appropriately discounting

20  the facts that SFTI admits it does currently know, SFTI's complaint lacks any facts to support a

21  conclusion that the products in question were marked with any intent, much less "for the purpose

22  of deceiving the public" under 35 U.S.C. § 292(a).

23        Indeed, in a recent decision in the U.S. District Court for the District of Delaware, Judge

24  Farnan dismissed similarly threadbare pleadings of intent as insufficient to meet the default

25  pleading standards of Rule 8(a), *Iqbal* and *Twombly*. *Brinkmeier v. Graco Children's Prods. Inc.*,

26  --- F. Supp. 2d --- No. 09-262-JJF, 2010 WL 545896 (D. Del. Feb. 16, 2010). Like SFTI does

27  here, the *Brinkmeier* relator tried to parlay the appearance of the numbers of expired patents on

28

OPTIMUM TECHNOLOGIES, INC.'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 9(B) AND 12(B)(6)

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 • FAX (415) 974-1520

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET · 21ˢᵀ FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 · FAX (415) 974-1520

1  products in the stream of commerce into an inference of deceptive intent. *See id.* at *4-5. In

2  particular, the *Brinkmeier* relator alleged: (1) that defendant had an Intellectual Property Manger

3  responsible for patent markings; (2) that because certain patents had expired, defendant "cannot

4  have any reasonable belief that such products are protected by such patents"; (3) that defendant

5  "knows, or should know" that the products have been falsely marked; and (4) that "[u]pon

6  information and belief, [defendant] marked products . . . with expired patents for the purpose of

7  deceiving the public into believing that something contained in or embodied in the products is

8  covered by or protected by the expired patent[s]." *Id.* The *Brinkmeier* court rejected these

9  pleadings under default Rule 8(a0 standards: "These allegations alone do not supply enough

10 factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels

11 and conclusions' prohibited by *Twombly. Id.*[2] Given that SFTI's pleadings are similarly

12 conclusory, they also fail to satisfy the default standards of Rule 8(a), let alone the heightened

13 standards of Rule 9(b).

## CONCLUSION

15      Optimum respectfully submits that the Court dismiss SFTI's complaint against it under

16 Rule 12(b)(6) as a result of SFTI's failure to plead the false marking claim with particularity as

17 required under Rule 9(b).

18 DATED:  October 6, 2010            LELAND, PARACHINI, STEINBERG,
                                 MATZGER & MELNICK, LLP

19

20

                          By:      */s/ Steven H. Bovarnick*

21                                  Steven H. Bovarnick
                                 Attorneys for OPTIMUM

22                                  TECHNOLOGIES, INC.

23

24

---

[2]  In *Brinkmeier*, the court also found that the relator pled sufficient facts as to *one* patent marking

25 because it alleged that (1) defendant had been sued by two competitors for infringing the marked

26 patent and (20 that defendant revised its patent markings at least three times since the marked
patent expired in June 2007. *Id.* at *4. SFTI's pleadings come nowhere close to that level of

27 detail.

28 {S:\OPTECH\0001\PLD\698767.DOC}       6            10-cv-02994-JF