1   JENNY L. SHEAFFER (*Pro Hac Vice*)
2   ANGELA R. GOTT (*Pro Hac Vice*)
    BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
3   200 Public Square, Suite 2300
    Cleveland, Ohio  44114-2378
4   Tel: (216) 363-4500
    Fax: (216) 363-4588
5   E-Mail: jsheaffer@beneschlaw.com
              agott@beneschlaw.com
6
    DAVID M. GIVEN (State Bar No. 142375)
7   CARI A. COHORN (State Bar No. 249056)
    PHILLIPS, ERLEWINE & GIVEN LLP
8   50 California Street, 35th Floor
    San Francisco, California  94111
9   Tel: (415) 398-0900
    Fax: (415) 398-0911
10  E-Mail: dmg@phillaw.com
              cac@phillaw.com
11
12  Attorneys for Defendant
    HOMAX PRODUCTS, INC.
13

14                    **UNITED STATES DISTRICT COURT**

15                    **NORTHERN DISTRICT OF CALIFORNIA**

16

17  SAN FRANCISCO TECHNOLOGY INC.,          |  Case No. 10 CV-02994-JF

18                Plaintiff,

19        v.                                           **MOTION FOR ADMINISTRATIVE
                                                       RELIEF TO PERMIT DEFENDANT
20  AERO PRODUCTS INTERNATIONAL INC.        **HOMAX PRODUCTS, INC. TO
     *et al.*,                                         SUPPLEMENT AND AMEND ITS
21                                                     PENDING MOTION TO DISMISS
                  Defendants.                          PURSUANT TO RULE 12(B)(6)**
22
                                                       Judge:        Hon. Judge Jeremy Fogel
23                                                     Courtroom:    Courtroom 3, 5th Floor

24

25                    **MOTION FOR ADMINISTRATIVE RELIEF**

26        Defendant Homax Products, Inc. ("Homax"), by and through its counsel of record, has

27  already filed a Notice of Motion and Motion to Dismiss Pursuant to Rule 12(b)(6) Under Rules

28

Motion for Administrative Relief to Permit Defendant Homax Products, Inc. to Supplement and Amend Its Motion to Dismiss Pursuant to
Rule 12(b)(6) – Case No. 10 CV-02994-JF

1    8(a) and/or 9(b) (Homax's "Rule 12(b)(6) Motion") in this case.   (Dkts. 152-55, 250-51).

2    Homax, by and through its counsel of record, hereby requests that the Court permit it to

3    supplement and amend its pending Rule 12(b)(6) Motion.   Specifically, Homax requests the

4    Court's permission to expand the bases argued for granting of Homax's Rule 12(b)(6) Motion by

5    way of joining in Part IV.B. of co-defendant Calico Brands, Inc.'s ("Calico Brands") Notice of

6    Motion and Motion to Dismiss (Dkt. 203), entitled "Plaintiff Fails to State a Claim Because

7    Calico's Products At Issue Are Not 'Unpatented' Articles" and also submitting its own

8    arguments in support of this additional basis for dismissal under Rule 12(b)(6).   A copy of

9    Homax's Notice of Motion and Motion to Dismiss Pursuant to Rule 12(b)(6) and Joinder in

10   Pending Motion to Dismiss that it seeks to file in further support of its pending Rule 12(b)(6)

11   Motion is attached hereto as Exhibit A.

12        The Ninth Circuit allows a motion under Fed. R. Civ. P. 12(b) to be filed any time before

13   the responsive pleading is filed.  *Aetna Life Ins. Co. v. Alla Medical Servs., Inc.*, 855 F.2d 1470,

14   1474 (9th Cir. 1988).   Nothing in Fed. R. Civ. P. 12(g) or (h) provides to the contrary.   More

15   specifically, although Fed. R. Civ. P. 12(g) sets forth a limitation on further motions, "[e]xcept as

16   provided in Rule(h)(2) or (3)," courts within the Northern District of California (relying upon

17   Ninth Circuit precedent) have clearly stated that: "Rule 12(h) 'does not in any way prevent a

18   judge in his discretion from permitting a party to expand the grounds of motion well in advance

19   of a hearing.'"  *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 534 F. Supp. 2d 1101, 1118-

20   19 (N.D. Cal. 2007) (*quoting Bechtel v. Liberty Nat'l Bank*, 534 F.2d 1335, 1341 n.8 (9th Cir.

21   1976) (wherein the Ninth Circuit held that the defendant's amended motion asserting improper

22   venue was timely and should have been granted even though it was filed more than two months

23   after its original motion to dismiss because it was filed well in advance of the hearing and the

24   required responsive pleading, i.e., the answer to the complaint)).   Therefore, Homax respectfully

25   requests that this Court exercise its discretion and allow Homax to expand the basis of its

26   pending Rule 12(b)(6) Motion at this time, which is well in advance of the noticed hearing date

27   of November 19.

28                                                      2

1    Homax's proposed supplement and amendment to its pending Rule 12(b)(6) Motion is

2    being made in good faith.  It is also being submitted before the Court has ruled on Homax's

3    pending Rule 12(b)(6) Motion, and, thus, does not require the Court to consider two separate,

4    serially-filed 12(b)(6) motions from Homax.  Further, granting this Administrative Motion will

5    not prejudice Plaintiff for at least the following three reasons:

6        First, Homax has not waived its right to assert the legal basis raised in its proposed

7    supplement and amendment.  It is well-established that "the court may consider the defense of

8    failure to state a claim *at any time before trial*."  *Id.* at 1118 (emphasis added).  Rule 12(h)(2)

9    specifically provides that a defense of failure to state a claim may be made in any Rule 7(a)

10   pleading permitted or on a motion for judgment on the pleadings or at trial on the merits.  *Id.*

11   (*citing Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)).  Therefore, even were the Court

12   to deny this Administrative Motion and decline to allow Homax's proposed supplement and

13   amendment to its pending Rule 12(b)(6) Motion, Homax could potentially raise the same

14   expanded basis for dismissal in its answer, in a motion for judgment on the pleadings, or at trial.

15   However, Homax submits that judicial economy would be best served by allowing Homax's

16   additional basis in support of dismissal under Rule 12(b)(6) to be heard along with co-defendant

17   Calico Brands' related motion on the consolidated hearing date of November 19.

18       Second, Homax's proposed supplement and amendment stems from its joinder in an

19   earlier motion filed by one of its co-defendants in this case.  Because the legal basis supporting

20   Homax's proposed supplement and amendment has already been raised by another co-defendant

21   in this case, Plaintiff is already on notice of the argued basis for dismissal and will already be

22   required to respond to this additional basis for dismissal in an opposition to Calico Brands'

23   pending motion to dismiss.  In fact, Plaintiff could even submit one opposition to both Calico

24   Brands' motion and Homax's proposed supplement and amendment.  Accordingly, Homax

25   submits that Plaintiff will not be prejudiced if Homax's expanded basis for dismissal is heard and

26   adjudicated along with the motion to dismiss that has already been filed on the same legal basis

27   by co-defendant Calico Brands.

28

3

1    Finally, the consolidated hearing on most, if not all, of the co-defendants' various

2  motions in this case is set for November 19, 2010, i.e., 35 days from today's date.  Homax's

3  request to submit a supplement and amendment to its pending Rule 12(b)(6) Motion has been

4  made well in advance of the scheduled hearing.  In other words, Homax's proposed supplement

5  and amendment has not been asserted on the eve of the hearing and Plaintiff will not be

6  prejudiced thereby, as Plaintiff will have ample time to respond.

7    For all of these reasons, Homax hereby requests that the Court grant this Administrative

8  Motion, permitting Homax to file the supplement and amendment to its pending Rule 12(b)(6)

9  Motion attached hereto as Exhibit A and, further, that the Court instruct the Court Clerk to enter

10  Exhibit A upon the docket in this case as a supplement and amendment to Homax's pending

11  Rule 12(b)(6) Motion to Dismiss or, in the alternative, to deem Exhibit A properly filed as a

12  supplement and amendment to Homax's pending Rule 12(b)(6) Motion to Dismiss.

13

14  Dated: October 15, 2010                    Respectfully submitted,

15

16                                     By:  _____/s/_____
                                           Jenny L. Sheaffer (*Pro Hac Vice)*
                                           BENESCH, FRIEDLANDER, COPLAN
17                                         & ARONOFF LLP

18                                         David M. Given
                                           PHILLIPS, ERLEWINE & GIVEN LLP
19

20                                         Attorneys for Defendant
                                           HOMAX PRODUCTS, INC.

21

22

23

24

25

26

27

28                                          4

# EXHIBIT A

1  JENNY L. SHEAFFER (*Pro Hac Vice*)
   ANGELA R. GOTT (*Pro Hac Vice*)
2  BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
   200 Public Square, Suite 2300
3  Cleveland, Ohio  44114-2378
   Tel: (216) 363-4500
4  Fax: (216) 363-4588
   E-Mail: jsheaffer@beneschlaw.com
5         agott@beneschlaw.com

6  DAVID M. GIVEN (State Bar No. 142375)
   CARI A. COHORN (State Bar No. 249056)
7  PHILLIPS, ERLEWINE & GIVEN LLP
   50 California Street, 35th Floor
8  San Francisco, CA 94111
   Tel: (415) 398-0900
9  Fax: (415) 398-0911
   E-Mail: dmg@phillaw.com
10        cac@phillaw.com

11 Attorneys for Defendant
   HOMAX PRODUCTS, INC.
12
                       **UNITED STATES DISTRICT COURT**
13
                      **NORTHERN DISTRICT OF CALIFORNIA**
14

15 SAN FRANCISCO TECHNOLOGY INC.,          Case No. 10 CV-02994-JF

16         Plaintiff,
17      v.                                 **DEFENDANT HOMAX PRODUCTS,**
                                           **INC.'S NOTICE OF MOTION AND**
                                           **MOTION TO DISMISS PURSUANT TO**
18 AERO PRODUCTS INTERNATIONAL             **RULE 12(B)(6) AND JOINDER IN**
   INC., et al.                            **PENDING MOTION TO DISMISS**
19         Defendants.
                                           Judge:       Hon. Judge Jeremy Fogel
20                                         Date:        November 19, 2010
                                           Time:        11:00 a.m.
21                                         Courtroom:   Courtroom 3, 5th Floor

22

23                          <u>**NOTICE OF MOTION**</u>

24      PLEASE TAKE NOTICE, that on November 19, 2010 at 11:00 a.m., or as soon

25 thereafter as this matter may be heard, before the Honorable Judge Jeremy Fogel, at the United

26 States District Court for the Northern District of California, 280 South 1st Street, San Jose,

27 California, in Courtroom 3, 5th Floor, Defendant Homax Products, Inc. ("Homax"), by and

28

___

Defendant Homax Products, Inc.'s Notice of Motion and Motion to Dismiss Pursuant to Rule 12(b)(6) and Joinder in Pending Motion to
Dismiss – Case No. 10 CV-02994-JF

1   through its counsel of record, will move the Court pursuant to Fed. R. Civ. P. 12(b)(6) for an

2   Order dismissing Plaintiff San Francisco Technology Inc.'s ("SFT") Complaint against Homax.

3   This Motion is based on the Memorandum of Points and Authorities herein, the pleadings and

4   papers on file in this action, such matters as the Court may take judicial notice, and argument and

5   evidence to be presented at the hearing on this Motion.

6       Further, PLEASE TAKE NOTICE that Homax hereby joins in the following Motion

7   made by its co-defendant in this case:

8   (1)     Defendant Calico Brands, Inc.'s ("Calico Brands") Amended Notice of Motion and

9           Motion to Dismiss (Dkt. 203), Part V.B. entitled "Plaintiff Fails to State a Claim Because

10          Calico's Products At Issue Are Not 'Unpatented' Articles.'"

11  Homax submits that the Homax products alleged in the Complaint to be falsely marked cannot,

12  *as a matter of law*, constitute "unpatented articles" under 35 U.S.C. § 292, because, irrespective

13  of being marked with two allegedly expired patent numbers, those Homax products are

14  indisputably marked with sixteen additional patent numbers that are neither alleged by Plaintiff

15  to be expired nor to not cover the Homax products.  Thus, for the reasons set forth in the above-

16  mentioned Motion and supporting Memorandum of Points and Authorities by Calico Brands, and

17  the reasons set forth in Homax's own Memorandum of Points and Authorities herein, Homax

18  respectfully requests that this Court dismiss SFT's Complaint under Rule 12(b)(6).

19                          **RELIEF REQUESTED**[1]

20      Homax seeks dismissal of SFT's claims against Homax pursuant to Fed. R. Civ. P.

21  12(b)(6) because the Homax products identified in the Complaint cannot—as a matter of law—

22  constitute "unpatented articles" pursuant to 35 U.S.C. § 292.  Therefore, the Court must dismiss

23  SFT's allegations against Homax under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon

24  which relief can be granted.

25

26  [1] Homax has also sought dismissal of SFT's claims against Homax pursuant to Rule 12(b)(6)
    under Rules 8(a) and/or 9(b).  (Dkt. 153).  The instant Motion merely provides an additional
27  basis supporting dismissal pursuant to Rule 12(b)(6) and should be considered a supplement and
    amendment to the previous motion.

28                                  2

Defendant Homax Products, Inc.'s Notice of Motion and Motion to Dismiss Pursuant to Rule 12(b)(6) and Joinder in Pending Motion to
Dismiss – Case No. 10 CV-02994-JF

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

SFT alleges that Homax and twenty-four other defendants have violated the false patent

4 marking statute, 35 U.S.C. § 292, which imposes civil penalties for falsely marking unpatented

5 articles where that marking is done with an intent to deceive the public.  As discussed in more

6 detail below, Homax submits that SFT's claim should be dismissed under Rule 12(b)(6).

7

## II.   STATEMENT OF ISSUES TO BE DECIDED

8

Whether a product marked with both expired and unexpired patent numbers can, as a

9 matter of law, constitute an "unpatented article" under 35 U.S.C. § 292?

10

## III.  STATEMENT OF RELEVANT FACTS

11

SFT filed the instant Complaint on July 8, 2010.  (Dkt. 1, Compl.).  Over the course of

12 twenty-nine pages and 187 paragraphs, the Complaint alleges that twenty-five unrelated

13 defendants, including Homax, violated 35 U.S.C. § 292 by engaging in false patent marking.

14 (*Id.*)  Within the Complaint, SFT identifies two Homax products:  "Homax Orange Peel &

15 Knockdown Ceiling Texture Vertical Spray" and "Homax Acoustic Patch Ceiling Repair."  (*Id.*

16 at ¶ 106).  SFT alleges that the packages of each of these Homax products are marked with the

17 numbers of eighteen patents and that two of the eighteen patents expired on 5/1/2010 and

18 8/7/2008. (*Id.* at ¶ 107).  The Complaint does not allege that any of the other sixteen patents are

19 expired and likewise does not allege that the two Homax products are not covered by at least one

20 claim of each of the sixteen other patents.

21

## IV.   LAW AND ARGUMENT

22

As stated above, Homax joins in the previously-filed motion of Calico Brands seeking to

23 dismiss SFT's Complaint under Fed. R. Civ. P. 12(b)(6) and incorporates herein by reference the

24 contents of Calico Brands' Notice of Motion, Motion, and supporting Memorandum of Points

25 and Authorities.  For the reasons set forth therein, and for the further reasons set forth herein,

26 Homax respectfully requests that the Court grant this Motion and dismiss SFT's claims against

27 Homax pursuant to Rule 12(b)(6) because the Homax products alleged to be falsely marked

28

3

---

Defendant Homax Products, Inc.'s Notice of Motion and Motion to Dismiss Pursuant to Rule 12(b)(6) and Joinder in Pending Motion to
Dismiss – Case No. 10 CV-02994-JF

1   cannot, as a matter of law, constitute "unpatented articles" under 35 U.S.C. § 292.  Thus, SFT

2   has failed to state a claim upon which relief can be granted.

3         A.      **Dismissal For Failure to State A Claim Upon Which Relief Can Be Granted**

4         Under Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed if it fails to state a claim

5   upon which relief can be granted.  Dismissal under Rule 12(b)(6) can be based on "lack of a

6   cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

7   theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  If a complaint is

8   to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to state

9   a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

10  (internal quotation omitted).  In general, the court must accept the factual allegations of the

11  complaint as true and construe them in the light most favorable to the plaintiff.  *Cholla Ready*

12  *Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  However, when considering a motion to

13  dismiss, "the court is not required to accept legal conclusions cast in the form of factual

14  allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Id.*  "Nor is

15  the court required to accept as true allegations that are merely conclusory, unwarranted

16  deductions of fact, or unreasonable inferences."  *Id.*

17        B.      **SFT Fails To State A Claim Upon Which Relief Can Be Granted**
                     **Because Neither Homax Product Can Be An "Unpatented Article"**
18
          The two Homax products that are identified by SFT in the Complaint are aerosol spray
19
    texture products.[2]  (Compl. ¶ 107).  Both of these Homax products are admittedly marked with
20
    sixteen additional patent numbers, for patents not alleged by SFT to be expired, beyond the two
21
    patents marked thereupon that SFT alleges are expired.  (Compl. ¶ 107).  These two Homax
22
    products cannot, as a matter of law, be "unpatented articles" because they are still protected by
23
    unexpired patents.  Notably, there is no allegation by SFT that the sixteen other patents listed on
24
    the labels of the two Homax products are expired, and, likewise, no allegation by SFT that any of
25

26

27  [2] Homax has already pointed out that these two products are not even identified in the Complaint
    as "unpatented" or "falsely marked."  (*See* Dkt. 153).

28                                                                    4

these other sixteen patents somehow fails to have at least one claim that covers the Homax product upon which is marked.  In other words, SFT's false patent marking allegations against Homax are based *entirely* upon the presence of two expired patent numbers on the two Homax aerosol spray texture products.

According to the words of the statute, false patent marking under Section 292 requires marking of an "unpatented article."   35 U.S.C. § 292.  Because there is no dispute that both Homax products are covered by multiple unexpired patents, neither of those products can constitute an "unpatented article" *as a matter of law*.  Therefore, SFT fails to state a claim upon which relief can be granted and its allegations against Homax should be dismissed.

It is common sense that a product marked with eighteen patent numbers, sixteen of which are not expired and are not alleged to be expired, cannot and should not be considered to be unpatented.  Likewise, the mere presence of two additional patent numbers, alleged to be for expired patents, marked upon the packaging of such a product cannot somehow transform that product into an "unpatented article."  The product is patented by virtue of being protected by the unexpired patents and cannot at the same time be properly called "unpatented."  Thus, a product marked with both expired and unexpired patent numbers cannot, as a matter of law, constitute an "unpatented article" under Section 292.

This "common sense" conclusion does not conflict with the precedent of the Court of Appeals for the Federal Circuit ("CAFC"), which Court has notably *never* found a product marked with one (or more) expired patent numbers but also marked with other *unexpired* patent numbers to qualify as an "unpatented article" under Section 292.  This is because, as discussed below, the CAFC has never considered this issue.  In addition, a close review of the CAFC's recent rulings on false patent marking reveals that the CAFC's statements about expired patents and "unpatented articles" were made under different fact scenarios, are merely *dicta* as applied to the Homax products at issue here, and, thus, are not binding upon this Court.

Specifically, in *Clontech*, the products at issue were kits and cDNA libraries marked with four *unexpired* patent numbers.  *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1350

5

1   (Fed. Cir. 2005).  Defendant Invitrogen's allegation that the marked products were unpatented

2   was based on its argument that when the claims within the four patents were properly construed,

3   none of those claims covered the marked products.  406 F.3d at 1350.  Notably, *Clontech* did not

4   involve any allegations of marking products with expired patent numbers.  During the course of

5   discussing Section 292, the CAFC stated that "[w]hen the statute refers to an 'unpatented article'

6   the statute means that the article in question is not covered by at least one claim of each patent

7   with which the article is marked."  *Id.* at 1352.  The CAFC's statement must be understood in the

8   context of the *Clontech* facts and allegations of false patent marking, which did not involve

9   expired patents.  Thus, the CAFC's statement is *dicta* if applied to a situation such as the one at

10  hand involving Homax's aerosol spray texture products—which are not disputed to be covered

11  by numerous *unexpired* patents.  Therefore, this Court is not bound in any way to follow the

12  *Clontech* statement in deciding whether the existence of expired patent numbers along with

13  unexpired patent numbers on a product is sufficient to render those products "unpatented

14  articles" or whether such products cannot, as a matter of law, constitute an "unpatented article"

15  under Section 292.

16       Similarly, the false patent marking allegations at issue in *Forest Group* also involved

17  allegations that the claims of the '515 patent—when properly construed—did not actually cover

18  the products marked with the '515 patent number.  *Forest Group, Inc. v. Bon Tool Co.,* 590 F.3d

19  1295, 1299 (Fed. Cir. 2009).  More specifically, the allegations of false patent marking relied

20  upon the fact that the claims of the '515 patent had been construed in a previous litigation in such

21  a manner as to lead to a finding that an accused product lacking a "resiliently lined yoke" did not

22  infringe.  590 F.3d at 1299.  Thereafter, according to Bon Tool, Forest Group continued to mark

23  its own product (which similarly lacked a "resiliently lined yoke") with the '515 patent number.

24  *Id.*  None of the false patent marking allegations in *Forest Group* involved marking with expired

25  patents, and, thus, the CAFC's decision did not address whether marking with an expired patent

26  number could constitute false patent marking.  Therefore, *Forest Group* does not bind this Court

27  to find that the mere existence of two expired patent numbers upon products labeled with sixteen

28                                                    6

---

1   other patent numbers—for patents not alleged to be expired—is sufficient to render either of

2   those products an "unpatented article."

3          The Federal Circuit has dealt with false patent marking allegations involving expired

4   patents in *Pequignot v. Solo Cup Co.,* 608 F.3d 1356 (Fed. Cir. 2010).  However, the marked

5   products in *Solo Cup* were marked with *only* expired patent numbers.  In other words, the

6   products at issue were not also marked with unexpired patent numbers that were not disputed to

7   cover the marked products.  Thus, the CAFC's statement in *Solo Cup* that "an article covered by

8   a now-expired patent is 'unpatented'" must be considered in the context of the facts involved in

9   that case—products marked with only expired patent number.  608 F.3d at 1361.  Further, when

10  other statements made by the CAFC in *Solo Cup* are examined, the only reasonable conclusion

11  that can be drawn is that the CAFC's statement about expired patents must be applied narrowly

12  and limited to only those cases involving the same facts as at issue in *Solo Cup*, i.e., marked with

13  *only* expired patent numbers.  Extending the statements beyond that point, renders them *dicta.*

14         More specifically, the *Solo Cup* Court also stated, while citing with approval statements

15  by the district court, that "an article that is no longer protected by a patent is not 'patented,' and

16

17

18

19

20

21

22

23

24

25

26

27

28                                                 7

Defendant Homax Products, Inc.'s Notice of Motion and Motion to Dismiss Pursuant to Rule 12(b)(6) and Joinder in Pending Motion to Dismiss – Case No. 10 CV-02994-JF

is more aptly described as 'unpatented.'"[3]  608 F.3d at 1361.  Any attempt to apply this statement to a situation involving a product marked with *both* expired *and* unexpired patent numbers renders the statement nonsensical.  Clearly, a product that is marked with both unexpired patent numbers and an expired patent numbers or number, *is* still protected by a patent and cannot be described as "unpatented."  The *Solo Cup* Court also continued on to state that "[a]s it [i.e., the marked article or product] is no longer patented, the public need not fear an infringement suit any more than if it were never patented."  *Id.*  Again, this statement is nonsensical when one attempts to apply it to a situation such as the one at hand, because one who copies or "knocks off" a product that is marked with *both* expired *and* unexpired patent numbers would be subject to an infringement suit.  Thus, nothing in the CAFC's *Solo Cup* decision prevents this Court from deciding that Homax's aerosol spray texture products cannot—as a matter of law—be "unpatented" because, in addition to being marked with expired patent numbers, they are

---

[3] It is also instructive to examine the district court's opinion in detail 540 F. Supp. 2d 649 (E.D. Va. 2008) (Brinkema, J.).  The court begin by examining the language of the false patent marking statute and setting forth the parties' positions on interpretation of that statute.  Notably, the defendant's position, which the district court adopted, was that "the term [unpatented article] refers to any article that is not presently protected by a patent."  540 F. Supp. 2d at 652.  The district court also pointed out that in *Clontech*, the CAFC "did not further explain whether the article in question had to be covered by a claim in an *enforceable* patent, which is the issue before this Court."  *Id.* at 651.  The court went on to state that "[t]he meaning of 'unpatented article' is, in all respects, a question of first impression."  *Id.*  In reaching its conclusion that marking with only expired patent numbers was sufficient to render  the articles-at-issue "unpatented," the Court made numerous statements that make sense only when the facts at issue in *Solo Cup* (i.e., marking with *only* an expired patent number) are taken into account.  First, the court stated that "[a]n article was once protected by a now-expired patent is no different than an article that has never received protection from a patent.  Both are in the public domain."  *Id.* at 652.  This statement clearly does not and cannot apply to an article that in addition to having been once protected by a now-expired patent is also protected by unexpired patents.  Such an article is *not* in the public domain.  Second, the district court referenced the doctrine of double patenting and stated (incorrectly) that the marked articles at issue (lids) "are 'unpatentable' because they cannot be the subject of another valid patent" and they are "'unpatented' as they are not presently protected by a valid patent."  *Id.* at 653.  Again, that statement makes sense only if the article at issue is marked *only* with expired patent numbers.  Finally, the district court pointed to public policy considerations stating that "there is an 'important public policy interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain.'"  *Id.*  Again, the Homax products at issue here—two aerosol spray texture products— are not in the public domain as they are not disputed to be covered by the sixteen other unexpired patents with which they are marked.

8

---

1    indisputably also marked with numerous unexpired patents that are not disputed to cover the

2    products.

3          Similarly, the most recent case false patent marking case decided by the CAFC, *Stauffer*

4    *v. Brooks Brothers, Inc.*, also involved allegations of false patent marking based on the marking

5    of bow ties with only expired patent numbers.  – F.3d ---, 2010 WL 3397419 (Fed. Cir. Aug. 31,

6    2010).  Therefore, it is not surprising that neither the district court decision (*Stauffer v. Brooks*

7    *Brothers, Inc.*, 615 F. Supp.2d 248 (S.D.N.Y. 2009)), nor the CAFC's decision contained any

8    discussion of false patent marking in the context of expired patent numbers.  Thus, the CAFC's

9    *Stauffer* decision is seemingly irrelevant in terms of determining whether the type of false patent

10   marking alleged against Homax is even capable of constituting false patent marking.

11         As discussed in detail above, Homax respectfully request that this Court hold that a

12   product marked with multiple patent numbers some of which are expired and others of which are

13   not expired, is insufficient, as a matter of law, to constitute an "unpatented article" under 35

14   U.S.C. § 292(b).  Such a holding is supported by the statutory language of the false patent

15   marking statute and a common sense understanding of the term "unpatented article" which

16   simply cannot by any reasonable application of logic be found applied to a product that is still

17   covered by the claims of unexpired patents.  Moreover, such a holding is not in conflict with

18   Federal Circuit cases stating that "an article covered by a now-expired patent is 'unpatented'

19   (*Solo Cup*, *supra*) or that "the statute means that the article in question is not covered by at least

20   one claim of each patent with which the article is marked" (*Clontech*, *supra*), because neither of

21   those cases involved products marked with both expired and unexpired patent numbers.

22   Therefore, Homax requests that this Court find the two Homax products identified in the

23   Complaint cannot, as a matter of law, be "unpatented articles" and that, therefore, SFT has failed

24   to state a claim upon which relief can be granted.

25

26

27

28                                              9

1  **V.      CONCLUSION**

2          For the reasons stated above, Homax respectfully requests that this Court dismiss SFT's

3  Complaint against Homax under Rule 12(b)(6).

4  Dated: October 15, 2010                             Respectfully submitted,

5

6                                                      By:  _____/s/_____

                                                            Jenny L. Sheaffer (*Pro Hac Vice*)
7                                                           BENESCH, FRIEDLANDER, COPLAN
                                                            & ARONOFF LLP
8
                                                            David M. Given
9                                                           PHILLIPS, ERLEWINE & GIVEN LLP

10                                                          Attorneys for Defendant
                                                            HOMAX PRODUCTS, INC.
11

12

13

14                          PROPOSED ORDER FOLLOWING NEXT PAGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                  10

---

1

2

3

4

5

6

7

8

9        **UNITED STATES DISTRICT COURT**

10       **NORTHERN DISTRICT OF CALIFORNIA**

11

12

SAN FRANCISCO TECHNOLOGY INC.,        | Case No. 10 CV-02994-JF
13

Plaintiff,

14
                                      **[PROPOSED] ORDER ON HOMAX
v.                                    PRODUCTS, INC.'S MOTION TO
15                                    DISMISS PURSUANT TO RULE 12(B)(6)**

AERO PRODUCTS INTERNATIONAL INC.
16   *et al.*,                        Judge:      Hon. Judge Jeremy Fogel
                                      Date:       November 19, 2010
17       Defendants.                  Time:       11:00 a.m.
                                      Courtroom:  Courtroom 3, 5th Floor
18

19

20
        Defendant Homax Products, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6)
21
came for hearing on November 19, 2010, at 11:00 a.m. in this Court.   Counsel for
22
Defendant and for Plaintiff were in attendance and presented oral arguments.   Having
23
considered the parties' papers filed in support of and in opposition to the motion, oral
24
argument, and other pleadings and papers on file herein, the Court finds the following:
25

1

2

      **IT IS ORDERED** that Defendant Homax Products, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) is **GRANTED**.

3

      **IT IS SO ORDERED.**

4

5

Dated:

                  The Honorable Jeremy Fogel
                  UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

[Proposed] Order re Homax 's Motion to Dismiss Pursuant to Rule 12(b)(6) – Case No. 10 CV-02994-JF     2

1

## CERTIFICATE OF SERVICE

2    The foregoing MOTION FOR ADMINISTRATIVE RELIEF TO PERMIT

3 DEFENDANT HOMAX PRODUCTS, INC. TO SUPPLEMENT AND AMEND ITS PENDING

4 MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) was filed electronically on October

5 15, 2010.  Notice of this filing will be sent by operation of the Court's electronic filing system.

6 Parties may access this filing through the Court's system.

7

8                                                         /s/
                                         Rosemary A. Comisky Culiver

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Motion for Administrative Relief to Permit Defendant Homax Products, Inc. to Supplement and Amend Its Motion to Dismiss Pursuant to
Rule 12(b)(6) – Case No. 10 CV-02994-JF

3729238.1