1  Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
   Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
2  Mount & Stoelker, P.C.
3  RiverPark Tower, Suite 1650
   333 West San Carlos Street
4  San Jose CA  95110-2740
   Phone: (408) 279-7000
5  Fax:    (408) 998-1473
   Email: kspelman@mount.com, dfingerman@mount.com
6
7  Counsel for San Francisco Technology Inc.

U.S. District Court
Northern District of California

| San Francisco Technology Inc. | Case No. 5:10-cv-02994-JF-PVT |
|---|---|
| Plaintiff | **Plaintiff's Opposition to Oatey Company's Motion to Dismiss and for Attorneys' Fees** |
| vs. | |
| Aero Products International Inc., BP Lubricants USA Inc., BRK Brands Inc., Calico Brands Inc., Cooper Lighting LLC, Darex LLC, Dexas International Ltd., Dyna-Gro Nutrition Solutions, Fiskars Brands Inc., Global Concepts Inc., Homax Products Inc., Kimberly-Clark Corporation, Kraco Enterprises LLC, Lixit Corporation, Mead Westvaco Corporation, Nutrition 21 Inc., Oatey Co., Optimum Technologies Inc., Newell Rubbermaid Inc., Schick Manufacturing Inc., The Scotts Company LLC, Sterling International Inc., Vitamin Power Incorporated, Woodstream Corporation, 4-D Design Inc. | Date:  November 19, 2010<br>Room:  Courtroom 3, 5th Floor<br>Judge: Judge Jeremy Fogel |
| Defendants | |

1  Plaintiff San Francisco Technology Inc. submits this opposition to defendant Oatey
2  Company's ("Oatey") Motion to Dismiss and for Attorney Fees (Docket No. 283).[1]

## I. Introduction

This is a *qui tam* action for false patent marking under 35 U.S.C. § 292. Oatey seeks dismissal because it was sued by two *qui tam* relators — SF Tech in this case, and Patent Group LLC in a case filed in the Eastern District of Texas. The parties appear to agree on all the relevant facts, but they dispute the legal effect of those facts.

It is undisputed that SF Tech was the first relator to sue Oatey concerning the patent markings in SF Tech's complaint. Oatey seeks dismissal under the doctrines of *res judicata*, mootness, double jeopardy, and accord and satisfaction. None of these doctrines can apply unless the court determines that Patent Group's release of Oatey and the dismissal with prejudice in the Texas case were effective to bar SF Tech's claims against Oatey. That would occur only if Patent Group's amended complaint related back to the filing date of its original complaint, which occurs only if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading."[2]

If accepted, Oatey's argument would require this court to conclude that any false patent marking suit against a particular defendant is sufficient to preempt all subsequent false patent marking claims against that defendant, if the first suit is later expanded by a complaint amendment. Although such a result would be reasonable, it is not compelled by any current statute or caselaw. SF Tech welcomes the court to reach that conclusion and dismiss SF Tech's complaint against Oatey if the court determines that to be the law. However, if the court determines that a false marking suit filed against a defendant does not preempt all subsequent false marking suits against that same defendant, then SF Tech's complaint must be allowed to stand.

---

[1] This brief addresses the first section of Oatey's motion, which seeks dismissal based on the doctrines of *res judicata*, mootness, double jeopardy, and accord and satisfaction. These arguments are unique among the motions filed in this case. The second section of Oatey's motion challenges the sufficiency of the complaint and raises arguments that are identical to the arguments raised by the other defendants. Concurrent with this brief, SF Tech is filing a consolidated opposition to those motions. SF Tech's arguments on those issues with respect to Oatey are identical to its arguments with respect to the other defendants. To the extent necessary, SF Tech incorporates by reference its concurrently-filed opposition.

[2] Fed. R. Civ. P. 15(c)(1)(B)

Case No. 5:10-cv-02994-JF-PVT                                                                 Page 1
Plaintiff's Opposition to Oatey Company's Motion to Dismiss and for Attorneys' Fees

## II. Undisputed Facts

Oatey's motion cannot be resolved under Rule 12(b) because it relies on facts, documents, and declarations outside the scope of the complaint. However, it appears that the parties agree on all the relevant facts and merely disagree on the legal effect of those facts. Therefore, the court should convert this to a motion for summary judgment and rule on it on the merits under Rule 56.[3] The following relevant facts appear to be undisputed:

(1) Patent Group sued Oatey on April 15, 2010 in the Eastern District of Texas for falsely marking Oatey's roof flashing products with U.S. Patents 4,526,407 and 4,903,997, both of which were expired.[4]

(2) During June and July 2010, Oatey and Patent Group negotiated toward a settlement of the Texas case.

(3) On July 8, SF Tech sued Oatey for falsely marking two different Oatey products with different expired patents.[5]

(4) On July 15, Oatey learned of SF Tech's suit against Oatey for false patent marking.

(5) On July 16, several events occurred:

  (a) Oatey notified Patent Group of SF Tech's suit and sent a copy of SF Tech's complaint to Patent Group.

  (b) Later, Oatey and Patent Group entered into a settlement agreement that purported to release Oatey for all of the false patent markings then known to Patent Group. That release was contingent upon Patent Group's filing of an amended complaint that restated Patent Group's original allegations of false patent marking and also substantially duplicated the allegations in SF Tech's previously-filed complaint.

  (c) Still later, Patent Group filed its amended complaint to satisfy the condition of its settlement with Oatey.

(6) On July 21, Patent Group moved to dismiss the Texas case. Neither Patent Group nor Oatey informed the Texas court about SF Tech's previously-filed complaint.

---

[3] Fed. R. Civ. P. 12(d)
[4] Oatey's Motion at page 1
[5] Complaint ¶¶ 137–143

Case No. 5:10-cv-02994-JF-PVT Page 2
Plaintiff's Opposition to Oatey Company's Motion to Dismiss and for Attorneys' Fees

Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000

(7) On July 27, Patent Group informed the U.S. Department of Justice about its settlement with Patent Group and sent a check to the government for half the settlement amount, less certain costs. Neither Patent Group nor Oatey informed the U.S. Department of Justice about SF Tech's previously-filed complaint.

(8) On August 9, the U.S. Department of Justice acknowledged that it had received Patent Group's check. Sometime between August 9 and August 19, the government cashed Patent Group's check.

## III. The court must determine whether a later-filed amended complaint in a *qui tam* suit under § 292 preempts an earlier-filed original complaint in a separate *qui tam* suit

Oatey's legal theories for dismissal (*res judicata*, mootness, double jeopardy, and accord and satisfaction) all rely on a common fundamental principle — they prohibit prosecution of multiple overlapping claims against a defendant in multiple cases. None of those four doctrines can apply unless Patent Group was assigned all false marking claims against Oatey by operation of law when it filed its original complaint. *Res judicata* requires that substantially the same claims were previously litigated by substantially the same parties — which couldn't have occurred if Patent Group lacked standing. Patent Group did lack standing to assert SF Tech's claims unless it received a *qui tam* assignment for all false marking claims against Oatey, and not just the false marking claims asserted in its original complaint. Mootness would require that SF Tech's claims were previously resolved by litigation or release — which could not have occurred if Patent Group lacked standing to pursue SF Tech's claims. Double jeopardy requires that Oatey actually have been in jeopardy in the Texas court with respect to SF Tech's claims — and there was no jeopardy if Patent Group lacked standing to pursue SF Tech's claims. Finally, there could be no accord and satisfaction because Oatey was not a bona fide purchaser of a release — Oatey admits that it had prior knowledge of SF Tech's claims when it purported to purchase a release from Patent Group and obtain a dismissal in the Texas court.

If applied in this case, those doctrines require a conclusion that SF Tech's claims against Oatey are preempted by Patent Group's case against Oatey. This rule would effectively bar two relators from concurrently pursuing non-overlapping false marking claims against the same defendant. In other words, it would require the conclusion that a first *qui tam* relator's complaint

against a particular defendant trigger the statutory assignment under § 292(b) with respect to all false marking claims — even false marking claims not asserted in that complaint.

It is undisputed that SF Tech was the first relator to file a complaint against Oatey for falsely marking the products identified in SF Tech's complaint (a Water Soluble Tinning Flux Plumbing Solder Kit with SafeFlo Silver Lead Free Solder and a WV J-Hook ). It is further undisputed that after SF Tech filed its complaint, Patent Group filed an amended complaint that encompasses those same false markings. Oatey and Patent Group purported to settle and release those claims before Patent Group had filed that amended complaint.

A *qui tam* relator has standing to pursue a false marking claim because the government suffers an injury, and the relator receives an assignment of half the government's claim by operation of law when it sues the marker.[6] The false marking statute provides, "Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."[7] The statute and caselaw are unclear about the exact scope of that assignment and exactly when it occurs.

Patent Group filed suit against Oatey first, on April 15, 2010, and SF Tech filed suit against Oatey three months later. Patent Group's original complaint does not allege that Oatey falsely marked the products identified in SF Tech's complaint. Concerning those products, Patent Group's original complaint would not meet the Rule 8 pleading standard, let alone the heightened pleading requirements of Rule 9, which Oatey argues should apply in false marking cases.

Under Rule 15, Patent Group's amended complaint can relate back to the date its original complaint was filed, only if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading."[8] For this rule to apply, the court must conclude that Patent Group's original complaint was sufficiently broad to encompass the markings accused in SF Tech's complaint to trigger the assignment of the government's rights under 35 U.S.C. § 292(b).

At present, no court has affirmatively decided whether the first-to-file rule applies to cases

---

[6] *Stauffer v. Brooks Brothers Inc.*, --- F.3d ---, 2010 U.S. App. Lexis 18144 (Fed. Cir. 2010)
[7] 35 U.S.C. § 292(b)
[8] Fed. R. Civ. P. 15(c)(1)(B); *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989)

under § 292 or, if it does apply, the contours of that rule. The Northern District of Illinois recently held in *Simonian v. Hunter Fan* that the False Claims Act's first-to-file rule does not apply to claims under the false marking statute.[9] The court reasoned that the False Claims Act's first-to-file provision patently applied only to actions brought "under this subsection."[10] However, the court did not foreclose the possibility that a common law first-to-file rule may apply. It declined to reach that question because the defendant raised it for the first time in its reply brief.[11]

### IV. A fraud may have been perpetrated upon the Texas court

It is undisputed that SF Tech filed its complaint in this case before Oatey and Patent Group executed their settlement agreement and before they moved for dismissal of the Texas case. It is also undisputed that at the time Oatey and Patent Group executed their settlement agreement, both had knowledge of SF Tech's complaint and the claims therein. Sometime later, Patent Group filed its amended complaint to expand the scope of the Texas case to include the claims previously asserted by SF Tech in this case. Now, Oatey contends that its settlement with Patent Group and the dismissal of the Texas case disposed of all claims for false marking that the United States might have as to the products and patents described in SF Tech's complaint.

In *Stauffer v. Brooks Brothers*, the Federal Circuit held that "any person" has standing to sue for false marking because 35 U.S.C. § 292(b) assigns half the government's claim to the person suing.[12] Implicit in this holding is a requirement that the *qui tam* relator actually sue. In our federal court system, a suit is commenced when a complaint is filed.[13] Section 292(b) authorizes anyone to "sue" and assigns rights "to the person suing".[14] A later-filing *qui tam* relator lacks standing to sue because those rights cannot be assigned more than once.[15] As a corollary, only the plaintiff who "owns" a particular claim may release that claim. In the false marking context, the right to release a claim belongs to the *qui tam* relator who received the assignment from the government.[16]

---

[9] *Simonian v. Hunter Fan Co.*, 2010 U.S. Dist. Lexis 68013 (N.D. Ill. 2010)
[10] *Simonian v. Hunter Fan Co.*, 2010 U.S. Dist. Lexis 68013, *7
[11] *Simonian v. Hunter Fan Co.*, 2010 U.S. Dist. Lexis 68013, *8
[12] *Stauffer*, 2010 U.S. App. Lexis 18144, *11–12
[13] Fed. R. Civ. Proc. 3 ("A civil action is commenced by filing a complaint with the court.")
[14] 35 U.S.C. § 292(b)
[15] *San Francisco Technology Inc. v. The Glad Products Co.*, 2010 U.S. Dist. Lexis 83681, 13–15 (N.D. Cal. 2010) ("*Glad*")
[16] *Glad*, 2010 U.S. Dist. Lexis 83681, 13–15

Oatey asserts that it paid money to Patent Group in exchange for a release of claims. However, Oatey admits that both parties to that settlement knew that SF Tech had already filed this suit before they executed their settlement agreement and before any money was paid. Oatey's admission of advance knowledge bars any contention that Oatey was a bona fide purchaser of that release — because it had notice that the United States had assigned the rights in this case to SF Tech.[17]

When Patent Group moved to dismiss its suit against Oatey (at Oatey's urging), neither party informed the Texas court of SF Tech's complaint or of SF Tech's rights. Thus, when they asked the Texas court to declare their rights, they disclosed a partial set of facts while withholding other crucial facts that would affect the Texas court's ruling. As a result, Oatey and Patent Group's motion to dismiss the Texas case may have perpetrated a fraud on that court.

The conclusion of fraud upon the Texas court can be avoided only if Patent Group received a broad assignment of rights under § 292(b) when it filed its original complaint — an assignment of claims broader than the allegations in its original complaint. Such a conclusion requires Patent Group's original complaint to be read extremely broadly and negates Oatey's argument in this motion that Rule 9(b) requires that claims for false marking be pled with specificity.

SF Tech invites the court to avoid the conclusion of fraud upon the Texas court by concluding that § 292(b) did operate to assign broad rights to Patent Group when it filed its original complaint. Such a result would not be unreasonable, nor inconsistent with any statutory or case law. However, no such law currently exists, so this court must articulate it.

## V. It is not relevant when the various complaints were served

Oatey suggests that the date it was served with the various complaints in this case has legal significance. Oatey cites no law compelling that conclusion. In fact, the opposite is true. The significant events are the filing of the various complaints, not the dates when those complaints were served.[18]

---

[17] *See e.g.*, *Bulmash v. Davis*, 24 Cal. 3d 691, 698-99 (Cal. 1979); *Schuch v. Northrup-Jones, Inc.*, 162 Cal. App. 2d 279, 290 (1958)

[18] *See e.g.*, *Pacesetter Systems Inc. v. Medtronic Inc.*, 678 F. 2d 93 (9th Cir. 1982); *Open LCR. Com, Inc. v. Rates Technology, Inc.*, 112 F. Supp. 2d 1223 (D. Colo. 2000)

## VI. Oatey's request for costs and attorney fees must be denied

Even if this court finds SF Tech's claims should be dismissed on one or more of the bases set forth in Oatey's Motion to Dismiss, Oatey is not entitled to costs, expenses and attorneys' fees associated with defending this action.

Oatey's argument under Rule 11 is easily disposed of. Oatey made no attempt to comply with Rule 11 by serving a copy of its motion before filing it.[19] Oatey does not suggest otherwise.

Oatey's reliance on 28 U.S.C. § 1927 is also misplaced. "An award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority requires a finding of recklessness or bad faith."[20] Oatey does not assert in its motion that SF Tech or its counsel acted with recklessness or bad faith.

Contrary to Oatey's assertions, SF Tech declined to voluntarily dismiss its complaint against Oatey precisely because the black letter law does not clearly resolve the impact of Oatey's settlement with Patent Group on SF Tech's claims. As described above, no statute or caselaw is on point. Neither party's position in this matter is frivolous, and SF Tech finds no recklessness or bad faith in Oatey's position, even though it is legally incorrect.

A disagreement about the legal effect of undisputed facts is not a basis for finding recklessness or bad faith. If it were, then every case dismissed on a 12(b)(6) motion or a summary judgment motion would give rise to sanctions under 28 U.S.C. § 1927. It is not an unreasonable or vexatious multiplication of proceedings to desire a judicial determination of an unsettled question of law. This is particularly true where that question of law has broad implications for many other co-pending cases, including several cases in which SF Tech has a direct interest. Several defendants in false marking suits brought by SF Tech are situated in similar procedural circumstances as Oatey. In this case, for example, Fiskars has been sued by SF Tech and by another, earlier-filing *qui tam* relator. There is some overlap in the products and patents identified in SF Tech's complaint and in the other relator's complaint. Recognizing the unsettled questions of law surrounding this motion, Fiskars has sought SF Tech's dismissal only of its claims to the extent of the overlap and did not

---

[19] Fed. R. Civ. P. 11(c)(2); *Barber v. Miller*, 146 F. 3d 707, 710–11 (9th Cir. 1998)
[20] *Barber*, 146 F.3d at 711 (citing *In re Keegan Management Co.*, 78 F.3d 431, 436 (9th Cir.1996) and *Chambers v. NASCO Inc.*, 501 U.S. 32, 50 (1991))

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

move for dismissal of SF Tech's entire claim.[21] SF Tech has complied by voluntarily dismissing its claim against Fiskars to the extent of the overlap.[22]

This court confronted a similar issue in *SF Tech v. Glad*.[23] In that case, SF Tech had sued Exergen for falsely marking its "Comfort Scanner" with several expired patent numbers. A different *qui tam* relator, Jennifer Brinkmeier, had previously sued Exergen for falsely marking its "Temporal Artery Thermometer" with several of the same patent numbers described in SF Tech's complaint. Both lines of thermometer products contained the same technology, but they were packaged and marked differently for different customers. The parties in *Glad* disputed whether Ms. Brinkmeier's pleading was broad enough to encompass SF Tech's claim — and hence, whether SF Tech had standing. The court determined that Ms. Brinkmeier's complaint was pled broadly enough to encompass SF Tech's claim. In granting Exergen's motion to dismiss, the court reasoned that, although Brinkmeier's complaint did not specifically name the Comfort Scanner, SF Tech's claims were "within the scope of those alleged by Brinkmeier in her earlier-filed action." The court held that SF Tech lacked standing concerning Exergen's false marking of the Comfort Scanner, because that claim had previously been assigned to Brinkmeier. There was no suggestion in *Glad* that either SF Tech or Exergen acted recklessly or in bad faith in connection with Exergen's motion to dismiss.

In this case, it is undisputed that SF Tech's claims against Oatey were not "within the scope of those alleged by [Patent Group] in [its] earlier-filed action" at the time SF Tech filed its complaint. It is undisputed that there is no overlap between SF Tech's complaint and Patent Group's original complaint — there are no products or patents in common. Therefore, as discussed above, SF Tech's claims against Oatey are barred only if Patent Group's filing of its original complaint triggered an assignment of *all* false marking claims under § 292(b). Dismissal of SF Tech's claims is appropriate only if this court applies a broad first-to-file rule to false marking claims, such that the first relator to file a complaint gains control of all potential false marking claims against that particular defendant. However, this is still an open question.

As such, SF Tech had no obligation to voluntarily dismiss its claims against Oatey. Oatey

---

[21] *See* Fiskars' Motion to Dismiss (Docket No. 285) at pages 9–12
[22] Docket No. 334
[23] *San Francisco Technology Inc. v. The Glad Products Co.*, 2010 U.S. Dist. Lexis 83681 (N.D. Cal. 2010)

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

made no attempt to comply with Rule 11, and neither party has acted recklessly or in bad faith. Accordingly, Oatey is not entitled to costs, expenses, or attorneys' fees under Rule 11 or 28 U.S.C. § 1927.

## VII. Conclusion

For the reasons discussed above, the defendants' motions challenging the sufficiency of the complaint must be denied. In the alternative, if the court finds that the complaint is not sufficiently pled, then it must grant leave to amend.

Date: October 29, 2010  Mount & Stoelker, P.C.
　　　　　　　　　　　　　　　　　　 /s/ Dan Fingerman
　　　　　　　　　　　　　　　　Counsel for San Francisco Technology Inc.

## Certificate of Service

The undersigned certifies that on October 29, 2010, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

Date: October 29, 2010

Mount & Stoelker, P.C.,
/s/ Dan Fingerman
Counsel for San Francisco Technology Inc.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000