MELINDA L. HAAG (SBN 132612)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (SBN 172954)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7322
    Facsimile:   (415) 436-6748
    Email:      michael.t.pyle@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> AERO PRODUCTS INTERNATIONAL INC., et al., <br><br> Defendants. | No. C 10-2994 JF <br><br> **UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION FOR CERTIFICATION AND LEAVE TO INTERVENE** <br><br> Date: December 10, 2010\*\* <br> Time: 9:00 a.m. <br> Ctrm: 3, 5th Floor <br> Hon. Jeremy Fogel <br> \*\* Neither the Court's staff nor Defendants responded to queries about this date made on 11/4/10 |

### NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on December 10, 2010, at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Jeremy Fogel, 280 South 1st Street, Courtroom 3, 5th Floor, San Jose, California, the United States of America will move this Court for an order certifying a constitutional question to the Attorney General and for leave to intervene to defend the constitutionality of 35 U.S.C. § 292. This motion is based on this notice, the memorandum of points and authorities in support thereof, the pleadings on file in this action, all the matters of record filed with the Court, and such other evidence as may be submitted or considered by the Court and on such oral argument as the Court may permit.

//

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Civil L.R. 7-3(a), any opposition to this motion must be served and filed not less than 21 days before the hearing date, and that, pursuant to Civil L.R. 5-5(a), such opposition must be actually delivered to the undersigned on that date, or mailed three days before that date.

## STATEMENT OF RELIEF REQUESTED

The United States of America requests an order certifying a constitutional question to the Attorney General and for leave to intervene in this matter to defend the constitutionality of 35 U.S.C. § 292.

## ISSUES TO BE DECIDED

1    Should the Court certify a constitutional question to the Attorney General?

2.    Should the United States be given leave to intervene to defend the constitutionality of 35 U.S.C. § 292?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The United States respectfully requests that the Court certify the constitutional challenge to 35 U.S.C. § 292 that has been raised by certain Defendants in this litigation pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403; grant the United States' motion to intervene pursuant to Fed. R. Civ. P. 5.1(c) and 28 U.S.C. § 2403; and set a briefing schedule for the United States to file a substantive response to the constitutional challenges to the statute raised by certain of the Defendants.

### II. BACKGROUND

On July 8, 2010, Plaintiff San Francisco Technology, Inc. filed a Complaint alleging that Defendants had violated the False Marking Statute, 35 U.S.C. § 292. Dkt. 1. Subsection 292(b) authorizes "any person" to file a *qui tam* civil action for violating the statute, with damages to be divided equally between the United States and the plaintiff.

On September 8, 2010, Defendant Mead Westvaco Corporation filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). Dkt. 187. On September 9, 2010, Defendant Woodstream Corporation filed a motion to dismiss the Complaint pursuant to

Fed. R. Civ. P. 12(b)(6) and 12(b)(1). Dkt. 199. On September 16, 2010, Defendant Schick Manufacturing filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). Dkt. 236. Among other things, Defendants argue that Plaintiff cannot pursue a claim for a violation of the False Marking Statute, 35 U.S.C. § 292, because the statute does not contain an adequate mechanism for government oversight and control of the litigation in violation of the Appointments Clause and Take Care clause of Article II of the U.S. Constitution.

Rule 5.1(a) of the Federal Rules of Civil Procedure requires each Defendant challenging the constitutionality of a federal statute to file a notice of constitutional question and serve it on the Attorney General. Each of the above named moving Defendants has filed such notice. *See* Dkt. 189, 201 & 238.

### III. ARGUMENT

Under Federal Rule of Civil Procedure 5.1(b), the Court must certify the constitutional challenge to the Attorney General pursuant to 28 U.S.C. § 2403. These notice and certification provisions are essential to the public interest as they give the Executive Branch time and opportunity to make its views known on the constitutional challenge. *See, e.g., Tonya K. ex rel. Diane K. v. Board of Educ. of Chicago*, 847 F.2d 1243, 1247 (7th Cir. 1988); *see also Oklahoma ex rel. Edmondson v. Pope*, 516 F.3d 1214, 1216 (10th Cir. 2008) (certification "ensures that the Executive Branch can make its views on the constitutionality of federal statutes heard").

Federal Rule of Civil Procedure 5.1(c) provides in relevant part: "the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." This motion is timely filed under Rule 5.1(c) and, pursuant to 28 U.S.C. § 2403, the Court therefore "shall permit the United States to intervene."

For the foregoing reasons, the United States respectfully requests that the Court certify the constitutional challenge pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403; grant the United States' motion to intervene pursuant to Fed. R. Civ. P. 5.1(c) and 28 U.S.C. § 2403; and set a briefing schedule for the United States to file a substantive response to the constitutional

challenges to the statute raised by Defendants. In the accompanying proposed order, the United States requests that it be given twenty-one days following the entry of an order granting this motion to file a brief defending the constitutionality of 35 U.S.C. § 292. That additional time is requested because of the important constitutional provisions at issue and the need for review of the brief within the Department of Justice, matters which require more time for briefing than more routine issues.

## IV. CONCLUSION

The United States of America requests that the Court grant its motion and sign the accompanying proposed order.

Respectfully submitted,

MELINDA L. HAAG
United States Attorney

Dated: November 5, 2010 _____/s/Michael T. Pyle_____
MICHAEL T. PYLE
Assistant United States Attorney