**E-Filed 3/14/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC., | Case Number 5:10-cv-02994-JF (PSG) |
| Plaintiff, | ORDER[1] GRANTING DEFENDANT OATEY COMPANY'S MOTION TO DISMISS WITH PREJUDICE |
| v. | |
| AERO PRODUCTS INTERNATIONAL, INC., *et al.*, | [Re: Docket No. 283] |
| Defendants. | |

    Plaintiff San Francisco Technology, Inc. ("SF Tech") brought suit against Defendant Oatey Company ("Oatey") on July 8, 2010, alleging that Oatey has engaged in false patent marking in violation of the False Marking Statute, 35 U.S.C. § 292. Oatey moves to dismiss all claims alleged by SF Tech because Oatey already has settled a *qui tam* action brought against it by a different party in the Eastern District of Texas ("Texas Action"). SF Tech contends that the Texas Action should not have a preclusive effect on the instant claims because SF Tech was the

---

[1] This order is not designated for publication in the official reports.

Case No. 5:10-cv-02994-JF (PSG)
ORDER GRANTING DEFENDANT OATEY COMPANY'S MOTION TO DISMISS WITH PREJUDICE
(JFLC1)

first party to file a false marking claim as to the patents at issue in the two actions.[2] However, Oatey presents evidence that it already had reached a settlement with the *qui tam* plaintiff in the Texas Action prior to the filing of SF Tech's complaint.

On January 25, 2011, this Court stayed the instant proceedings for a period of thirty days to permit SF Tech to seek intervention in the Texas Action for the purpose of obtaining relief from the prior settlement.[3] SF Tech subsequently filed a notice of voluntary dismissal without prejudice as to Oatey.[4] Oatey objects to SF Tech's voluntary dismissal, arguing that dismissal with prejudice is required pursuant to the Court's stay order.[5]

## I. LEGAL STANDARD

Fed. R. Civ. P. 41(a) affords plaintiffs an absolute right to dismiss an action without court order "when the defendant has not yet served an answer or a summary judgment motion leaves no role for the court to play." *Amer. Soccer Co., Inc. v. Score First Enters.*, 187 F.3d 1108, 1110 (9th Cir. 1999); Fed. R. Civ. P. 41(a)(1)(i). However, a plaintiff must obtain court approval before dismissing an action against a party who has served an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(2).

## II. DISCUSSION

At first glance it would appear that SF Tech may avail itself of Fed. R. Civ. P. 41(a), because Oatey filed a motion to dismiss in lieu of answering the complaint. However, in opposing the motion to dismiss, SF Tech itself specifically requested that the Court "convert [the

---

[2] Although the Texas action actually was filed first, an amended complaint asserting false marking claims based upon the specific patents at issue in the instant case was filed after the instant case had commenced.

[3] Order Staying Proceedings Against Defendant Oatey Company, Dkt. 405.

[4] Notice of Voluntary Dismissal Without Prejudice of Defendant Oatey Co. dated February 24, 2011, Dkt. 412.

[5] In the stay, the Court explained that, "[s]hould SF Tech fail to obtain relief from the settlement [in the Texas Action], Oatey's motion to dismiss will be granted." Order Staying Proceedings Against Defendant Oatey Company, Dkt. 405 at 2.

motion to dismiss] to a motion for summary judgment and rule on it on the merits under Rule 56" because Oatey's motion relies on matters outside the scope of the complaint. Opp. Br. at 2. Under the circumstances, SF Tech no longer has an absolute right to dismiss Oatey voluntarily.

### III. ORDER

Because SF Tech did not seek leave to intervene in the Texas Action within the time allowed by the Court, and because the Texas Action precludes SF Tech's claims in the instant matter, the instant case will be DISMISSED WITH PREJUDICE. Oatey's request for attorneys' fees pursuant to Fed. R. Civ. P. 11 will be DENIED, as legitimate questions about the preclusive effect of the Texas Action were presented by both parties.

**IT IS SO ORDERED.**

DATED: March 14, 2011

_____
JEREMY FOGEL
United States District Judge