Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Benjamin R. Lemke (Cal. Bar No. 271706)
Mount, Spelman & Fingerman, P.C.
Riverpark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: kspelman@mount.com; dfingerman@mount.com;
          blemke@mount.com

Counsel for San Francisco Technology Inc.

U.S. District Court
Northern District of California

| | |
|---|---|
| San Francisco Technology Inc.<br><br>Plaintiff<br><br>vs.<br><br>Aero Products International Inc., BP Lubricants USA Inc., BRK Brands Inc., Calico Brands Inc., Cooper Lighting LLC, Darex LLC, Dexas International Ltd., Dyna-Gro Nutrition Solutions, Fiskars Brands Inc., Global Concepts Inc., Homax Products Inc., Kimberly-Clark Corporation, Kraco Enterprises LLC, Lixit Corporation, MeadWestvaco Corporation, Nutrition 21 Inc., Oatey Co., Optimum Technologies Inc., Newell Rubbermaid Inc., Schick Manufacturing Inc., The Scotts Company LLC, Sterling International Inc., Vitamin Power Incorporated, Woodstream Corporation, 4-D Design Inc.<br><br>Defendants | Case No. 5:10-cv-02994-JF-PVT<br><br>**First Amended Complaint Against MeadWestvaco Corporation** |

Plaintiff San Francisco Technology Inc. ("SF Tech") files this Complaint against defendant MeadWestvaco Corporation ("MeadWestvaco") and alleges as follows:

## Nature of Action

1. This is a *qui tam* action for false patent marking. MeadWestvaco has falsely marked products with intent to deceive the public in violation of 35 U.S.C. § 292 and must be civilly fined for each offense. The statute provides:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public … Shall be fined not more than $500 for every such offense.

## Parties

2. SF Tech is a Delaware Corporation with its principal place of business in San Jose, California.

3. Upon information and belief, MeadWestvaco is a Delaware business entity with a place of business at 501 South 5th Street, Richmond, VA, 23219.

## Jurisdiction & Venue

4. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1355(a).

5. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b) and 1395(a).

6. This court has personal jurisdiction over MeadWestvaco. MeadWestvaco has appointed an agent for service of process in California: CT Corporation System, 818 West Seventh Street, Los Angeles, CA, 90017. MeadWestvaco has sold its products, including its falsely marked products in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District. Such sales are substantial, continuous, and systematic.

## Count 1: False Patent Marking

7. SF Tech incorporates by reference all prior allegations.

8. MeadWestvaco identifies itself as a global packaging solutions company and claims it

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1  "is the leading manufacturer of school and office supplies."[1]  MeadWestvaco identifies itself in its
2  public advertising, on its website, as providing "innovative products and valuable services to
3  consumer products companies in the Beauty and Personal Care, Healthcare, Food, Beverage, Food
4  Service, Tobacco, Home & Garden, and Commercial Printing industries."[2]

5       9.     In January 2002, The Mead Corporation and Westvaco merged to form
6  MeadWestvaco.  At the time of the merger, the new entity acquired The Mead Corporation and its
7  patents.   At the time of the merger, and as part of the merger due diligence, MeadWestvaco informed
8  itself of the patents owned by The Mead Corporation and knew when they would expire.
9  Specifically, MeadWestvaco was aware that, as part of the merger, it was obtaining rights to U.S.
10 Patent No. U.S. Patent No. 4,838,430.

11      10.     Mindful of the patent expiration date, MeadWestvaco has made regular accounting
12 entries for each year of life of the patent.   U.S. Patent No. U.S. Patent No. 4,838,430 expired no later
13 than 1/17/2007.  MeadWestvaco determined the expiration date of each patent and repeatedly made
14 entries in its books that reflected the remaining life of the patent — and made a final entry when the
15 patent expired.

16      11.     In May 2006, MeadWestvaco acquired Calmar and its patents.   At the time of the
17 acquisition, and as part of its acquisition due diligence, MeadWestvaco informed itself of the patents
18 owned by Calmar and knew when they would expire.  Specifically, MeadWestvaco was aware that,
19 as part of the Calmar acquisition, it was obtaining rights to U.S. Patent Nos. 4,747,523, 4,971,227,
20 5,685,445, D358,198, and D366,692.

21      12.     Mindful of the patent expiration dates, MeadWestvaco has made regular accounting
22 entries for each year of life of the patents.   U.S. Patent Nos. 4,747,523, 4,971,227, 5,685,445,
23 D358,198, and D366,692 expired no later than 6/20/2007, 6/3/2009, 11/1//2009, 1/31/2010, and
24 5/10/2009, respectively.  Mead Westvao determined the expiration date of each patent and repeatedly
25 made entries in its books that reflected the remaining life of the patent — and made a final entry
26 when the patent expired.

---

[1] MeadWestvaco home page, http://www.meadwestvaco.com/index.htm (last visited April 14, 2011)
[2] About MeadWestvaco, http://www.meadwestvaco.com/AboutUs/index.htm (last visited April 14, 2011)

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

13. MeadWestvaco makes and sells envelopes, security envelopes and the TS800 line of spray bottle heads.

14. Despite knowing that the patents were in fact expired, MeadWestvaco made a conscious decision to advertise to the consuming public that its envelopes and security envelopes were subject to "U.S. Patent No. 4,838,430" by placing such designation on the products to be sold – thereby marking them with an expired patent.

15. The statements contained on the packaging for MeadWestvaco's envelopes and security envelopes identifying the products as protected by that patents were false. U.S. Patent No. 4,838,430 expired no later than 1/17/2007. SF Tech does not allege that MeadWestvaco marked any product in this manner before January 2007.

16. The facts constituting the circumstances of the alleged fraud are particularly within MeadWestvaco's knowledge or readily obtainable by it. However, there are known facts, as alleged herein, from which one may reasonably infer that MeadWestvaco intended to deceive the public when it chose to mark its products with expired patent numbers.

17. MeadWestvaco spends significant time, money and effort in advertising its products, both in the packaging and labeling of its products as well as on its website, all of which is directed to the consuming public in an effort to promote MeadWestvaco's products, emphasize desirable product qualities and arouse in the consumers a desire to buy.

18. MeadWestvaco makes conscious decisions with regard to its product packaging in terms of what to include or exclude. MeadWestvaco's envelope and security envelope packaging is limited in terms of space; therefore, MeadWestvaco must carefully choose what information to include in this form of advertising. MeadWestvaco designed the packaging on its envelopes and security envelopes in 2009, well after the expiration of U.S. Patent No. 4,838,430, marking that packaging: "© 2009." At that time, MeadWestvaco chose to mark the products with the expired U.S. Patent No. 4,838,430.

19. MeadWestvaco elected to advertise expired patents on its envelopes and security envelopes in order to induce the public to believe its envelopes and security envelopes were covered by patent protection and therefore more desirable, exclusive, or innovative.

20. MeadWestvaco advertises its TS800 line of products on its website. MeadWestvaco's website, with a copyright date of 2010, marks the sprayer products :[3]

    a.    TS800® Standard: 4,747,523; 4,971,227; 5,360,127; 5,647,539; 5,678,765; 5,685,445; Patent Pending

    b.    TS800® ERGO: 4,747,523; 4,971,227; 5,360,127; 5,647,539; 5,678,765; 5,685,445; D381,581. Patent Pending

    c.    TS800® ULTRA ERGO: 4,747,523; 4,971,227; 5,360,127; 5,647,539; 5,678,765; 5,685,445; D419,875; Patent Pending

    d.    TS800® Custom: 4,747,523; 4,971,227; 5,360,127; 5,647,539; 5,678,765; 5,685,445; D366,692; D358,198. Patent Pending

21. U.S. Patent Nos. 4,747,523, 4,838,430, 4,971,227, 5,685,445, D358,198, and D366,692 expired no later than 6/20/2007, 1/17/2007, 6/3/2009, 11/11/2009, 1/31/2010, and 5/10/2009, respectively. SF Tech does not allege that MeadWestvaco marked any product in this manner before January 2007.

22. MeadWestvaco is aware of the actual and perceived value of offering for sale a patented product and heavily promotes itself as an innovator and patent holder, emphasizing on its website that it creates "Indispensable innovations."[4]

23. Additionally, MeadWestvaco advertises and represents to the public that its patents are a key ingredient to staying competitive in the market. For example, MeadWestvaco stated in its 2010 Annual Report:

> We compete principally through quality, price, value-added products and services such as packaging solutions, customer service, innovation, technology, and product design. Our proprietary trademarks and patents, in the aggregate, are also important to our competitive position in certain markets.[5]

24. MeadWestvaco advertises and represents to the public that its intangible assets

---

[3] http://www.meadWestvaco.com/DispensingSolutions/HomeandGarden/MWVD004918
[4] Product Information: TS800 Trigger Sprayer, *available at* http://www.meadwestvaco.com/mwv/groups/content/documents/document/mwv024051.pdf (last visited April 14, 2011)
[5] MeadWestvaco 2010 Annual Report, page 2

Case No. 5:10-cv-02994-JF-PVT                 Page 4
First Amended Complaint Against Mead Westvaco

(including patents) are amortized over the useful lives of those assets.[6] MeadWestvaco also advertises and represents to the public that its financial results are "reported in accordance with accounting principles generally accepted in the U.S."[7] Pursuant to accounting principles generally accepted in the U.S. ("U.S. GAAP"), patents are intangible assets that should be amortized. U.S. GAAP requires that the cost of an intangible asset be amortized over the useful life of that asset. To comply with GAAP, MeadWestvaco determined the expiration date of each patent and repeatedly made entries in its books that reflected the remaining life of the patent — and made a final entry when the patent expired.

25. In connection with its financial accounting, MeadWestvaco determined that U.S. Patents Nos. 4,747,523, 4,838,430, 4,971,227, 5,685,445, D358,198, and D366,692 expired no later than 6/20/2007, 1/17/2007, 6/3/2009, 11/11/2009, 1/31/2010, and 5/10/2009, respectively, and actively tracked the remaining life of each patent until its expiration.

26. MeadWestvaco was aware that the patents had expired and were of no further effectiveness or value, but following the expiration of the patents, chose to continue to falsely promote its envelopes, security envelopes and the TS800 line of spray bottle heads as patented both on the product packaging and the website.

27. Retail sales of MeadWestvaco's envelopes and security envelopes were widespread at the time SF Tech filed its original complaint in this case in July 2010, including at Walgreens stores in San Jose, California. At that time, packages of envelopes and security envelopes were marked with the false markings identified above. Such sales occurred in July 2010 — 42 months after U.S. Patent 4,838,430 had expired in January 2007. According to employees at the Target stores at 133 Serramonte Center in Daly City, California and 5001 Junipero Serra Boulevard in Colma, California: (1) products are not carried in-store unless they sell well and (2) envelopes and security envelopes are on the shelf for no more than two weeks before they are sold.

28. MeadWestvaco's envelopes and security envelopes are on retailers' shelves for no more two weeks, only a short time period. In light of the fact that U.S. Patent 4,838,430 expired 42

---

[6] MeadWestvaco 2010 Annual Report, page 53
[7] MeadWestvaco 2010 Annual Report, page 17

Case No. 5:10-cv-02994-JF-PVT Page 5
First Amended Complaint Against Mead Westvaco

months before July 2010, it is reasonable to infer that MeadWestvaco falsely marked its envelopes and security envelopes after the expiration of U.S. Patent 4,838,430 and continued to falsely mark it in that manner for at least 42 months after that patent had expired in January 2007.

29. An invention disclosed in an expired patent is in the public domain. No reasonable basis exists to believe that a product can be protected by an expired patent. MeadWestvaco had actual knowledge that the above patent markings were false at the time those markings were made. MeadWestvaco uses patent markings in connection with its products to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, MeadWestvaco falsely marked its products with intent to deceive the public.

**Demand For Judgment**

SF Tech demands judgment against MeadWestvaco, as follows:

1. A declaration that MeadWestvaco violated 35 U.S.C. § 292.
2. An accounting of the number, sales, and revenue of all falsely marked articles.
3. A civil fine of $500 for each offense — half paid to the U.S., and half paid to SF Tech.
4. A declaration that this is an exceptional case.
5. Costs, including attorney fees.
6. Any other relief the court deems appropriate.

**Demand For Jury Trial**

SF Tech demands a jury trial on all issues so triable.

Date: April 15, 2011    Mount, Spelman & Fingerman, P.C.,
    /s/ Daniel H. Fingerman
    Counsel for San Francisco Technology Inc.

**Certificate of Service**

The undersigned certifies that the foregoing document was filed using the court's electronic filing system (ECF). The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under to accept that Notice as service of this document.

Date: April 15, 2011              Mount, Spelman & Fingerman, P.C.,
                                                /s/ Daniel H. Fingerman
                                  Counsel for San Francisco Technology Inc.

Document1