Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Benjamin R. Lemke (Cal. Bar No. 271706)
Mount, Spelman & Fingerman, P.C.
Riverpark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: kspelman@mount.com; dfingerman@mount.com;
            blemke@mount.com

Counsel for San Francisco Technology Inc.

U.S. District Court
Northern District of California

| | |
|---|---|
| San Francisco Technology Inc.<br><br>Plaintiff<br><br>vs.<br><br>Aero Products International Inc., BP Lubricants USA Inc., BRK Brands Inc., Calico Brands Inc., Cooper Lighting LLC, Darex LLC, Dexas International Ltd., Dyna-Gro Nutrition Solutions, Fiskars Brands Inc., Global Concepts Inc., Homax Products Inc., Kimberly-Clark Corporation, Kraco Enterprises LLC, Lixit Corporation, Mead Westvaco Corporation, Nutrition 21 Inc., Oatey Co., Optimum Technologies Inc., Newell Rubbermaid Inc., Schick Manufacturing Inc., The Scotts Company LLC, Sterling International Inc., Vitamin Power Incorporated, Woodstream Corporation, 4-D Design Inc.<br><br>Defendants | Case No. 5:10-cv-02994-JF-PVT<br><br>**First Amended Complaint Against Calico Brands, Inc.** |

1 Plaintiff San Francisco Technology Inc. ("SF Tech") files this Complaint against defendant
2 Calico Brands Inc. ("Calico") and alleges as follows:

## Nature of Action

3. 
4. 1. This is a *qui tam* action for false patent marking. Calico has falsely marked products
5. with intent to deceive the public in violation of 35 U.S.C. § 292 and must be civilly fined for each
6. offense. The statute provides:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public … Shall be fined not more than $500 for every such offense.

## Parties

2. SF Tech is a Delaware Corporation with its principal place of business in San Jose, California.

3. Upon information and belief, Calico is a California business entity with a place of business at 2055 South Haven Ave, Ontario, CA, 91761.

## Jurisdiction & Venue

4. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1355(a).

5. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b) and 1395(a).

6. This court has personal jurisdiction over Calico. Calico's principal place of business is in Ontario, California. Calico has appointed an agent for service of process in California: Gerald K. Kitano, 3435 Wilshire Blvd, Ste 1800, Los Angeles, CA, 90010. Calico has sold its products, including its falsely marked products in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District. Such sales are substantial, continuous, and systematic.

## Count 1: False Patent Marking

7. SF Tech incorporates by reference all prior allegations.

8. Calico claims it "is a global leader and manufacturer of pocket lighters and utility

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

lighters."[1] It is the "category leader in utility lighters."[2] Calico identifies itself in its public advertising, on its website, as "Celebrating 25 Years of Innovation" and asserts "Our new products innovations continue to set category standards of excellence."[3]

9. In 1996, Calico filed applications for U.S. Patent Nos. 5,716,204 and 5,898,013. Those patents issued in 1998 and 1999, respectively. Calico was aware that, as owner of those patents, it was required to pay periodic maintenance fees to keep those patents in force. Calico tracked the life-cycle of those patents, paying the 4th year maintenance fees. On 08/31/2005 and 11/15/2006, respectively, the United States Patent and Trademark Office notified Calico that maintenance fees were due on U.S. Patent Nos. 5,716,204 and 5,898,013. Calico chose not to pay the maintenance fees on U.S. Patent Nos. 5,716,204 and 5,898,013, knowing that failure to pay would result in the early termination of those patents.

10. Mindful of the patent expiration dates, Calico made regular accounting entries for each year of life of the patents. U.S. Patent Nos. 5,716,204 and 5,898,013 expired no later than 2/10/2006 and 4/27/2007, respectively. Calico determined the expiration date of each patent and repeatedly made entries in its books that reflected the remaining life of the patent — and made a final entry when the patent expired.

11. Calico makes and sells Scripto Aim N' Flame lighters, including model GM9C.

12. Despite knowing that the patents were in fact expired, Calico made a conscious decision to advertise to the consuming public that its Scripto Aim N' Flame lighters were subject to "U.S. Patents 6,093,017  5,697,775  6,042,367 5,897,308  D377,736  5,716,204  5,898,013" by placing such designation on the products to be sold — thereby marking them with expired patents.

13. The statements contained on the packaging for Scripto Aim N' Flame lighters identifying the product as protected by those patents were false. U.S. Patent Nos. 5,716,204 and 5,898,013 expired no later than 2/10/2006 and 4/27/2007, respectively. SF Tech does not allege that Calico marked any product in this manner before February 2006.

14. The facts constituting the circumstances of the alleged fraud are particularly within

---

[1] Corporate Fact Sheet, http://www.calicobrands.com/about/about-us/ (last visited April 14, 2011)
[2] Leadership & Innovation, http://www.calicobrands.com/about/leadership-innovation/ (last visited April 14, 2011)
[3] Leadership & Innovation, http://www.calicobrands.com/about/leadership-innovation/ (last visited April 14, 2011)

1  Calico's knowledge or readily obtainable by it.  However, there are known facts, as alleged herein,

2  from which one may reasonably infer that Calico intended to deceive the public when it chose to

3  mark its products with expired patent numbers.

4      15.    Calico spends significant time, money and effort in advertising its products, both in

5  the packaging and labeling of its products as well as on its website, all of which is directed to the

6  consuming public in an effort to promote Calico's products, emphasize desirable product qualities

7  and arouse in the consumers a desire to buy.

8      16.    Calico makes conscious decisions with regard to its product packaging in terms of

9  what to include or exclude.  The Scripto Aim N' Flame lighters product packaging is limited in terms

10  of space; therefore, Calico must carefully choose what information to include in this form of

11  advertising.  Calico designed the packaging on its Scripto Aim N' Flame lighters in 2009, well after

12  the expiration of U.S. Patent Nos. 5,716,204 and 5,898,013, marking that packaging: "© 2009."  At

13  that time, Calico chose to mark the product with the expired U.S. Patent Nos. 5,716,204 and

14  5,898,013.

15      17.    Calico elected to advertise expired patents on its Scripto Aim N' Flame lighters in

16  order to induce the public to believe its Scripto Aim N' Flame lighters were covered by patent

17  protection and therefore more desirable, exclusive, or innovative.

18      18.    In addition to the product packaging, Calico advertises its Scripto lighters on its

19  website.  In August 2009, Calico advertised in a press release on its website, www.calicobrands.com,

20  that:

21  > The Budweiser® and Bud Light® Wind Resistant Outdoor Utility
22  > Lighters are equipped with Scripto®'s patented "jet flame," allowing
23  > this Wind Resistant Outdoor Utility Lighter to light and stay lit in windy conditions.[4]

24  "Scripto®'s patented 'jet flame'" refers to U.S. Patent No. 5,898,013.  Calico's statement, made in

25  2009, refers to a patent which in fact, had expired in 2007.

26      19.    Calico currently advertises on its website, with a copyright date of 2011, that it

---

[4] *New Anheuser-Busch® Wind Resistant Utility Lighter From Scripto®!*, available at
28  http://www.calicobrands.com/media-events/press-releases/new-anheuser-busch-wind-resistant-utility-lighter-from-scripto-august-2009/ (last visited April 14, 2011)

Case No. 5:10-cv-02994-JF-PVT      Page 3
First Amended Complaint Against Calico

1  "Developed and patented the utility lighter wind resistant mechanism in 2002."[5]  Calico neither filed
2  nor obtained a patent on a wind resistant mechanism in 2002.  U.S. Patent No. 6,422,860 issued on
3  7/23/2002 and Calico filed U.S. Patent No. 6,666,678 on 1/30/2002.  Neither of those patents claims
4  a wind resistant mechanism.  Rather, both U.S. Patent Nos. 6,422,860 and 6,666,678 describe that a
5  patented *child*-resistant lighter *may* be "equipped with a windscreen, which provides wind protection
6  so that a flame is more easily generated, and less easily extinguished by wind."[6]  Calico's once-
7  patented wind resistant mechanism refers to U.S. Patent No. 5,898,013, which expired in 2007.
8  Calico deceptively chooses to leverage U.S. Patent No. 5,898,013, which expired nearly 4 years ago,
9  in its advertising and simultaneously misrepresents the character and scope of U.S. Patent Nos.
10  6,422,860 and 6,666,678.

11       20.  Calico is aware of the actual and perceived value of offering for sale a patented
12  product and heavily promotes itself as an innovator and patent holder, emphasizing on its website that
13  "All Scripto® lighters feature a patented child resistant mechanism that exceeds CPSC requirements
14  and meets ASTM voluntary safety standards"[7] and its "25 Years of Innovation."[8]

15       21.  Upon information and belief, Calico follows accounting practices in which intangible
16  assets (such as patents) are amortized.  This requires that the cost of an intangible asset be amortized
17  over the useful life of that asset.  Calico determined the expiration date of each patent and repeatedly
18  made entries in its books that reflected the remaining life of the patent — and made a final entry
19  when the patent expired.

20       22.  In connection with its financial accounting, Calico determined that U.S. Patent Nos.
21  5,716,204 and 5,898,013 expired no later than 2/10/2006 and 4/27/2007, respectively, and actively
22  tracked the remaining life of each patent until its expiration.

23       23.  Calico was aware that the patents had expired and were of no further effectiveness or
24  value, but following the expiration of the patents, chose to continue to falsely promote the Scripto
25  Aim N' Flame lighters as patented both on the product packaging and the website.

---

[5] Corporate Fact Sheet, http://www.calicobrands.com/about/about-us/ (last visited April 14, 2011)
[6] U.S. Patent 6,422,860, 4, 60-62; U.S. Patent 6,666,678, 5, 33-35
[7] Products:  Scripto, http://www.calicobrands.com/products/scripto/ (last visited April 14, 2011)
[8] Leadership & Innovation, http://www.calicobrands.com/about/leadership-innovation/ (last visited April 14, 2011)

Case No. 5:10-cv-02994-JF-PVT                                                                                                             Page 4
First Amended Complaint Against Calico

24.     Retail sales of Calico's Scripto Aim N' Flame lighters were widespread at the time SF Tech filed its original complaint in this case in July 2010.  At that time, packages of Scripto Aim N' Flame lighters were marked with the false markings identified above.  Such sales occurred in July 2010 — 53 months and 39 months after U.S. Patents 5,716,204 and 5,898,013 had expired in February 2006 and April 2007, respectively.  According to an employee at the OSH store at 720 West San Carlos Street in San Jose, California, lighters are restocked on a weekly basis.

25.     Calico's Scripto Aim N' Flame lighters are on retailers' shelves for only a short time period.  In light of the fact that U.S. Patents 5,716,204 and 5,898,013 expired 53 months and 39 months before July 2010, it is reasonable to infer that Calico falsely marked its Scripto Aim N' Flame lighters after the expiration of U.S. Patents 5,716,204 and 5,898,013 and continued to falsely mark it in that manner for at least 53 months and 39 months after those patents had expired in February 2006 and April 2007, respectively.

26.     An invention disclosed in an expired patent is in the public domain.  No reasonable basis exists to believe that a product can be protected by an expired patent.  Calico had actual knowledge that the above patent markings were false at the time those markings were made.  Calico uses patent markings in connection with its products to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent.  Accordingly, Calico falsely marked its products with intent to deceive the public.

**Demand For Judgment**

SF Tech demands judgment against Calico, as follows:

1.    A declaration that Calico violated 35 U.S.C. § 292.

2.    An accounting of the number, sales, and revenue of all falsely marked articles.

3.    A civil fine of $500 for each offense — half paid to the U.S., and half paid to SF Tech.

4.    A declaration that this is an exceptional case.

5.    Costs, including attorney fees.

6.    Any other relief the court deems appropriate.

**Demand For Jury Trial**

SF Tech demands a jury trial on all issues so triable.

1 | Date: April 15, 2011              Mount, Spelman & Fingerman, P.C.,
2 |                                              /s/ Daniel H. Fingerman
  |                                   Counsel for San Francisco Technology Inc.

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**Certificate of Service**

The undersigned certifies that the foregoing document was filed using the court's electronic filing system (ECF).  The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under to accept that Notice as service of this document.

Date: April 15, 2011                    Mount, Spelman & Fingerman, P.C.,
                                                        /s/ Daniel H. Fingerman
                                        Counsel for San Francisco Technology Inc.

Document1