Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Benjamin R. Lemke (Cal. Bar No. 271706)
Mount, Spelman & Fingerman, P.C.
Riverpark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: kspelman@mount.com; dfingerman@mount.com;
           blemke@mount.com

Counsel for San Francisco Technology Inc.

U.S. District Court
Northern District of California

| San Francisco Technology Inc. | Case No. 5:10-cv-02994-JF-PVT |
|---|---|
| Plaintiff | **First Amended Complaint Against Nutrition 21 Inc.** |
| vs. | |
| Aero Products International Inc., BP Lubricants USA Inc., BRK Brands Inc., Calico Brands Inc., Cooper Lighting LLC, Darex LLC, Dexas International Ltd., Dyna-Gro Nutrition Solutions, Fiskars Brands Inc., Global Concepts Inc., Homax Products Inc., Kimberly-Clark Corporation, Kraco Enterprises LLC, Lixit Corporation, Mead Westvaco Corporation, Nutrition 21 Inc., Oatey Co., Optimum Technologies Inc., Newell Rubbermaid Inc., Schick Manufacturing Inc., The Scotts Company LLC, Sterling International Inc., Vitamin Power Incorporated, Woodstream Corporation, 4-D Design Inc. | |
| Defendants | |

Plaintiff San Francisco Technology Inc. ("SF Tech") files this Complaint against defendant Nutrition 21 Inc. ("Nutrition 21") and alleges as follows:

## Nature of Action

1. This is a *qui tam* action for false patent marking. Nutrition 21 has falsely marked products with intent to deceive the public in violation of 35 U.S.C. § 292 and must be civilly fined for each offense. The statute provides:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public … Shall be fined not more than $500 for every such offense.

## Parties

2. SF Tech is a Delaware Corporation with its principal place of business in San Jose, California.

3. Upon information and belief, Nutrition 21 is a New York business entity with a place of business at 4 Manhattanville Road, Purchase, NY 10577.

## Jurisdiction & Venue

4. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1355(a).

5. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b) and 1395(a).

6. This court has personal jurisdiction over Nutrition 21. Nutrition 21 advertises on its web site[1] that its products are sold at retail store chains that have locations in this District, such as CVS, Rite-Aid, Target, Walgreens, and Albertsons. Nutrition 21 has sold its products, including its falsely marked products in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District. Such sales are substantial, continuous, and systematic.

## Count 1: False Patent Marking

7. SF Tech incorporates by reference all prior allegations.

8. Nutrition 21 identifies itself as a national nutritional bioscience company and a leading

---

[1] http://www.icelandhealth.com/store-list.html

1  supplier of chromium picolinate. Nutrition 21 identifies itself in its public advertising, on its website,
2  as "an innovator and a leader in the nutritional supplement industry."[2]

3      9.     In 1992, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent
4  No. 5,087,623. At the time of issuance, and as part of its due diligence, Nutrition 21 informed itself
5  of when U.S. Patent No. 5,087,623 would expire.

6      10.    Mindful of the patent expiration date, Nutrition 21 has made regular accounting entries
7  for each year of life of the patent. U.S. Patent No. 5,087,623 expired no later than 2/12/2009.
8  Nutrition 21 determined the expiration date of each patent and repeatedly made entries in its books
9  that reflected the remaining life of the patent — and made a final entry when the patent expired.

10      11.    Nutrition 21 makes and sells the product known as Iceland Health Advanced Memory
11  Formula.

12      12.    Despite knowing that the patent was in fact expired, Nutrition 21 made a conscious
13  decision to advertise to the consuming public that its Iceland Health Advanced Memory Formula was
14  "protected under patent No. 5,087,623" by placing such designation on the products to be sold —
15  thereby marking it with expired patents.

16      13.    The statements contained on the packaging for Iceland Health Advanced Memory
17  Formula identifying the product as protected by those patents were false. U.S. Patent No. 5,087,623
18  expired no later than 2/12/2009. SF Tech does not allege that Nutrition 21 marked any product in this
19  manner before February 2009.

20      14.    The facts constituting the circumstances of the alleged fraud are particularly within
21  Nutrition 21's knowledge or readily obtainable by it. However, there are known facts, as alleged
22  herein, from which one may reasonably infer that Nutrition 21 intended to deceive the public when it
23  chose to mark its products with expired patent numbers.

24      15.    Nutrition 21 spends significant time, money and effort in advertising its products,
25  both in the packaging and labeling of its products as well as on its website, all of which is directed to
26  the consuming public in an effort to promote Nutrition 21's products, emphasize desirable product
27  qualities and arouse in the consumers a desire to buy.

---

[2] About Us, http://www.nutrition21.com/About/default.aspx (last visited April 15, 2011)

16. Nutrition 21 makes conscious decisions with regard to its product packaging in terms of what to include or exclude. The Iceland Health Advanced Memory Formula product packaging is limited in terms of space; therefore, Nutrition 21 must carefully choose what information to include in this form of advertising. Nutrition 21 chose to mark the product with the expired U.S. Patent No. 5,087,623 after the expiration date of that patent.

17. Nutrition 21 elected to advertise expired patents on its Iceland Health Advanced Memory Formula in order to induce the public to believe its Iceland Health Advanced Memory Formula was covered by patent protection and therefore more desirable, exclusive, or innovative.

18. In addition, Nutrition 21 advertises its Iceland Health Advanced Memory Formula on its website. Nutrition 21's website, with a copyright date of 2010, referenced its "patented and proprietary" Advanced Memory Formula which in fact, had expired in 2009:

> IMPORTANT NOTICE: It has come to our attention that there are a number of unauthorized websites claiming to sell Advanced Memory Formula as well as other Iceland Health products. Please be advised that this product's formulation is patented and proprietary. As such, we, the manufacturer, cannot ensure or guarantee the efficacy of the ingredients, formulation or authenticity of the products being sold. To ensure best results, we recommend you only buy from these Iceland Health authorized websites www.icelandhealth.com or www.icelandmemory.com.

Such page is also marked with a copyright date of 2010. In addition, Nutrition 21 advertises on the Advanced Memory Formula product page:[3] "Our patented, exclusive formula features:

- Omega-3 DHA to help maintain brain fluidity and may help in maintenance of cognitive functions

- Phosphatidylserine to support communication between brain cells and to promote improved memory

- Chromium Picolinate to promote healthy blood sugar, important for brain health"

SF Tech does not allege that Nutrition 21 advertised any product in this manner before February 2009.

---
[3] http://www.icelandhealth.com/All-Products/28-Advanced-Memory-Formula.html

Case No. 5:10-cv-02994-JF-PVT                                                                                           Page 3
First Amended Complaint Against Nutrition 21

19. Additionally, Nutrition 21 advertises and represents to the public that it carefully monitors its patents, as "[c]ost-effective patent monitoring and enforcement efforts have made a significant positive contribution to bottom-line results."[4]

20. Nutrition 21 advertises and represents to the public that "Chromax chromium picolinate is the Company's primary Ingredients product which in various combinations is covered by both domestic and international composition of matter and use patents."[5] Upon information and belief, before U.S. Patent No. 5,087,623 expired, that patent covered Chromax chromium picolinate. Nutrition 21 advertises and represents to the public that Chromax chromium picolinate is its primary and predominant revenue source, accounting for more than 70% of Nutrition 21's total revenues in each of the last three fiscal years.[6]

21. Nutrition 21 is acutely aware of the expiration dates of its patents and informs its investors and the public of those expiration dates in its annual reports.[7]

U.S. Patent No. 5,087,623 claims eight methods for:

> "The administration of chromic picolinate…as a prophylactic or therapeutic agent for controlling various blood serum parameters. In particular, the administration is for controlling blood serum lipid levels, including the lowering of undesirably high blood serum LDL-cholesterol levels and the raising of blood serum HDL-cholesterol levels."[8]

Nutrition 21 stated in its 2007 10-K that:

> Our significant patents consist of: (1) three method of use patents that expire in 2009 that cover the use in low doses of chromium picolinate for improving body composition, glucose stabilization and cholesterol maintenance.[9]

Nutrition 21 knew that U.S. Patent No. 5,087,623 expired no later than 2/12/2009 at the time it filed its 2007 10-K in September 2007.

22. Nutrition 21 leverages its patents by positioning itself as an expert innovator and

---

[4] About Us: Patent Portfolio, http://www.nutrition21.com/About/patent.aspx (last visited April 14, 2011)
[5] *See* Nutrition 21 Inc. Annual Report 2010, page 4
[6] *See* Nutrition 21 Inc. Annual Report 2010, page 4
[7] *See, e.g.,* Nutrition 21 Inc. Annual Report 2010, pages 8-9; Nutrition 21 Inc. 2007 10-K, page 24
[8] *See* U.S. Patent 5,087,623, Abstract
[9] Nutrition 21 Inc. 2007 10-K, page 24

Case No. 5:10-cv-02994-JF-PVT                                                                    Page 4
First Amended Complaint Against Nutrition 21

pioneer of patented technology:

> Nutrition 21 is pioneering an effort to use patented technology, pharmaceutical research and strategic marketing and distribution partnerships to build its position in therapeutic markets. The Company is targeting specific disease states and age related health care concerns through its patented and proprietary ingredients.
>
> …
>
> • An expertise in identifying and patenting nutrition therapies addressing overlapping health markets that affect as many as 75 percent of US adults;
>
> • A history of successfully patenting its innovations and enforcing its patents.[10]

23.     Nutrition 21 has knowingly asserted U.S. Patent No. 5,087,623 against competitors, filing suit against General Nutrition Centers, Inc. ("GNC") for infringement of several patents, including U.S. Patent No. 5,087,623.[11]

24.     Nutrition 21 is aware of the actual and perceived value of offering for sale a patented product and heavily promotes itself as an innovator and patent holder, emphasizing on its website its position as "an innovator and a leader in the nutritional supplement industry."[12]

25.     Nutrition 21 advertises and represents to the public that its financial statements are prepared "in accordance with generally accepted accounting principles."[13]  Pursuant to generally accepted accounting principles ("GAAP"), patents are intangible assets that should be amortized. GAAP requires that the cost of an intangible asset be amortized over the useful life of that asset.  To comply with GAAP, Nutrition 21 determined the expiration date of each patent and repeatedly made entries in its books that reflected the remaining life of the patent — and made a final entry when the patent expired.

26.     In connection with its financial accounting, Nutrition 21 determined that U.S. Patent No. 5,087,623 expired no later than 2/12/2009 and actively tracked the remaining life of each patent

---

[10] Nutrition 21 home page, http://www.nutrition21.com/default.htm (last visited April 14, 2011)
[11] Nutrition 21 Sues GNC for Patent Infringement, http://www.nutrition21.com/NEWS_chromium_picolinate/Nutrition-21-Sues-GNC-for-Patent-Infringement_129.aspx (last visited April 14, 2011)
[12] About Us, http://www.nutrition21.com/About/default.aspx (last visited April 15, 2011)
[13] *See* Nutrition 21 Inc. Annual Report 2010, page 17

until its expiration.

27. Nutrition 21 was aware that the patents had expired and were of no further effectiveness or value, but following the expiration of the patents, chose to continue to falsely promote the Iceland Health Advanced Memory Formula as patented both on the product packaging and the website.

28. Retail sales of Nutrition 21's Iceland Health Advanced Memory Formula were widespread at the time SF Tech filed its original complaint in this case in July 2010, including at Walgreens stores in Cupertino, California.  At that time, packages of Iceland Health Advanced Memory Formula were marked with the false markings identified above.  Such sales occurred in July 2010 — 17 months after U.S. Patent 5,087,623 had expired in February 2009.  According to an employee at the Walgreens store at 1750 Noriega Street in San Francisco, California, Iceland Health products are on the shelf for no more than one month, because every product with an expiration date is removed from the shelf after one month.  Iceland Health products found in April 2011 at the aforementioned Walgreens store were marked with Lot number 0015I18.

29. Nutrition 21's Iceland Health products are on retailers' shelves for no more than one month, only a short time period.  In light of the fact that U.S. Patent 5,087,623 expired 17 months before July 2010, it is reasonable to infer that Nutrition 21 falsely marked its Iceland Health Advanced Memory Formula after the expiration of U.S. Patent 5,087,623 and continued to falsely mark it in that manner for at least 17 months after that patent had expired in February 2009.

30. An invention disclosed in an expired patent is in the public domain.  No reasonable basis exists to believe that a product can be protected by an expired patent.  Nutrition 21 had actual knowledge that the above patent markings were false at the time those markings were made. Nutrition 21 uses patent markings in connection with its products to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent.  Accordingly, Nutrition 21 falsely marked its products with intent to deceive the public.

### Demand For Judgment

SF Tech demands judgment against Nutrition 21, as follows:

1.    A declaration that Nutrition 21 violated 35 U.S.C. § 292.
2.    An accounting of the number, sales, and revenue of all falsely marked articles.
3.    A civil fine of $500 for each offense — half paid to the U.S., and half paid to SF Tech.
4.    A declaration that this is an exceptional case.
5.    Costs, including attorney fees.
6.    Any other relief the court deems appropriate.

### Demand For Jury Trial

SF Tech demands a jury trial on all issues so triable.

Date: April 15, 2011　　　　　　　　　　　Mount, Spelman & Fingerman, P.C.,
　　　　　　　　　　　　　　　　　　　　　　　/s/ Daniel H. Fingerman
　　　　　　　　　　　　　　　　　　　　Counsel for San Francisco Technology Inc.

### Certificate of Service

The undersigned certifies that the foregoing document was filed using the court's electronic filing system (ECF).  The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under to accept that Notice as service of this document.

Date: April 15, 2011                                           Mount, Spelman & Fingerman, P.C.,
                                                                                    /s/ Daniel H. Fingerman
                                                                               Counsel for San Francisco Technology Inc.

Document1